HELEN SCOTT REED, INDIVIDUALLY, AND AS CLERK OF THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, STATE OF NEVADA, AND AS CLERK OF THE COUNTY OF CLARK, STATE OF NEVADA; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, STATE OF NEVADA AND HARLEY HARMON, CLESSE TURNER AND ARTHUR OLSEN, INDIVIDUALLY, AND AS MEMBERS OF, AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, STATE OF NEVADA, APPELLANTS, *v.* BEATRICE G. WHEELER, RESPONDENT.

No. 4388

January 6, 1961                    358 P.2d 112

*John F. Mendoza,* District Attorney, Clark County, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Appellants.

*Alvin N. Wartman* and *Calvin Magleby,* of Las Vegas, for Respondent.

**O P I N I O N**

*Per Curiam:*

Respondent petitioned the lower court for a writ of mandamus to compel appellants (i.e., the board of county commissioners) to canvass the returns of the election held November 8, 1960 pursuant to NRS 303.515. Appeal is from the order directing the issuance of such a writ.

NRS 303.515 provides:

"Before proceeding to canvass the returns of an election at which voting machines have been used to register the votes cast, the board authorized to canvass returns shall unseal the machines and take off and record the records of votes cast for the several candidates voted for and for and against the several measures voted upon. Each voting machine shall immediately be resealed."

It is appellants' position that the words "the board authorized to canvass returns" refer to a nonexistent canvassing board and do not contemplate any action by the county commissioners.

Subsection 5 of NRS 244.090 provides that the board of county commissioners shall meet as provided in chapter 296 of NRS after each general election to canvass election returns.

NRS 296.370 specifies when the county commissioners shall meet to open the returns from the several precincts and make abstracts of the votes, and the manner of making such abstracts.

NRS 296.375 and 296.385 both provide for the board of county commissioners to canvass the votes.

It thus became a matter of statutory construction for

the court below to determine what board was contemplated by NRS 303.515 as "the board authorized to canvass returns."

We hold that the lower court was correct in determining that NRS 303.515 requires the board of county commissioners in canvassing the returns from the several precincts using voting machines to comply with the provisions of said section; otherwise said NRS 303.515 would be superfluous.

Mandamus is a proper remedy to compel the performance of this duty. Therefore the order of the lower court directing the issuance of a peremptory writ of mandamus must be affirmed.

Affirmed.