WILLIAM P. BEKO, CONTESTANT, *v.*
JOHN E. KELLY, DEFENDANT.

No. 4578

November 28, 1962                    376 P.2d 429

[Rehearing denied December 11, 1962]

*Vargas, Dillon & Bartlett,* of Reno, for Contestant.

*John E. Kelly,* of Las Vegas, defendant in pro per.

## OPINION

By the Court, BADT, C. J.:

The parties will be referred to by their last names.

Beko, as contestant, filed a "statement of contest and request for declaratory relief" against Kelly, defendant, pursuant to NRS 293.407. Such section permits a candidate at any election to contest the election of any candidate, and requires the contestant to file with the clerk of the supreme court a written statement of contest setting forth sundry matters. Subdivisions (b), (c), and (d) of section 2 of NRS 293.407 require the statement of contest to set forth the name of the defendant, the office to which the defendant was declared elected, and the particular grounds of contest.

The office involved is that of district attorney of Nye County. In place of naming the office to which the

*defendant* was declared elected, the statement of contest recites that the *contestant* was elected by a vote of 943 as against 908 for the defendant, thus showing a majority of 34 votes for Beko, the contestant. However, in explaining the contestant's purpose in filing the contest, Beko proceeds to allege that pursuant to the election of November 6, 1962, the returns of the election were canvassed by the board of county commissioners, the results of said election declared, and the abstract of votes transmitted to the secretary of state showing the above results; that upon defendant's demand for a recount[1] a recount board of five members was appointed by the board of county commissioners and duly sworn and conducted such recount on November 13, 1962, from 1:00 o'clock to 11:45 o'clock p. m., in the presence of the entire board of county commissioners, the county clerk and the deputy county clerk, the contestant and the defendant,[2] and rejected 67 ballots from Mercury precinct to the end that the recount resulted as follows: for defendant Kelly 904 votes; for contestant Beko 875 votes, resulting in a majority for Kelly of 29 votes.

The statement of contest then shows resolutions passed by the board of county commissioners in which such board ordered that it unanimously disapproved the rejection of the 67 ballots from Mercury voting precinct, for the reason that such rejection was contrary to the provision of NRS 293.367(6), reading as follows: "A soiled or defaced ballot may not be rejected if it appears that the soiling or defacing was inadvertent and was not done purposely to identify the ballot" in that the markings on the rejected ballots were not sufficient to identify the voter who had cast the ballot and that the rejection not only disenfranchised 67 voters but did not express the will of the majority of the voters.

The statement of contest then recites that by reason of certain vagueness, ambiguities, and uncertainties existing in the election law and the manner in which

[1] Pursuant to NRS 293.403.

[2] 1867 ballots were counted.

a recount may be conducted, the contestant, although averring *that he has been duly elected* to the office of district attorney of Nye County, nevertheless, in the interests of fair play and justice and because of the statutory time limitations for filing a contest, files his statement of contest to preserve his right to question the recount.

In addition to his motion to dismiss, Kelly has filed an answer in which, among other things, he alleges that contestant is estopped from contesting the findings of the recount board, because such board was appointed by the county clerk pursuant to the stipulation of the parties to this contest. He then describes in detail the manner in which the recount was had and asserts its complete objectivity. He then asserts that the findings of the recount board are not subject to attack unless they constituted malfeasance and that such malfeasance was not shown. Finally he asserts that to grant contestant's petition would result in a third count, obviously not contemplated by the statute. Kelly prays that the contest be dismissed; the request for declaratory judgment denied, and that Kelly be declared elected by reason of having received the higher number of votes on the recount, and that the county clerk of Nye County be ordered to annul Beko's certificate of election and issue and deliver to Kelly a certificate of election to the office of district attorney.

(1) The motion to strike the petition for declaratory relief must be granted. It is patent that a petition for a declaratory judgment must be initially filed in the district court. Uniform Declaratory Judgments Act, NRS Chapter 30.

(2) It is just as patent that an authorization to file an election contest is given to a defeated candidate to contest the right to office of a person who has been declared elected, and is not available to a successful candidate who simply feels that there may be some cloud upon his title by reason of an irregularity in one or more of the election proceedings.

(3) The references to the recount may, however, not be ignored. A complete new election statute was adopted by the legislature in 1960. Therein, detailed provisions were made concerning the appointment and duties of election boards. NRS 293.217 et seq. But no provision whatsoever was made with reference to a recount board. NRS 293.010 contains over 50 definitions of sundry terms used in Title 24, being the act governing elections, but without a definition of "recount board." Cf. Reed v. Wheeler, 77 Nev. 6, 358 P.2d 112.[3] The section most nearly applicable is NRS 293.225, which provides:

"1. Members of election boards shall continue as such from the time of preparation for opening the polls until the time for filing contests of the election has expired.[4]

"2. Each member of an election board shall be subject to call by the board of county commissioners for the purpose of correcting any errors discovered during the canvass of votes by the board of county commissioners."

Subdivision 3 provides for filling a vacancy "on election day" by appointment of a "reserve election board officer." Subdivision 4 provides for appointment of any registered and qualified voter willing to serve.

NRS 293.227 provides that "the election board" shall consist of five members, and subdivision 2 of that section provides for the conducting of a school by the county clerk to acquaint the election board with the election laws, the duties of election boards, the rules and regulations of the secretary of state, and sundry procedures. Pursuant to subdivision 3, such instructions must be given before election day.

It should be noted also that Mercury precinct was under other provisions designated as a "mailing precinct," and that under NRS 293.230 one election board had been appointed by the county clerk for all mailing precincts within the county, which board is designated as "the central election board," and is required to count

---

[3] The necessity for statutory clarification is clearly indicated.

[4] A contest of election would necessarily follow, not precede a recount.

the votes on the ballots in such precinct "in the manner required by law." The so-called recount board in the present case was appointed without statutory authorization of any kind whatsoever. The number of members constituting the board, its organization, its duties, its meetings, the manner of its appointment, are all unprovided for in the election law. No authorities have been cited to this court in support of the contention that a stipulation of the parties for the appointment of such a recount board can take the place of statutory authorization, or that such board, invalidly appointed by reason of such stipulation, may constitute such board as a valid and lawful board. In State ex rel. Bible, Attorney General v. Malone, 68 Nev. 36, 38, 231 P.2d 599, where both parties conceded in their briefs that a certain act of the legislature was unconstitutional, this court said: "[I]t is not for the parties to stipulate, but for courts to decide the unconstitutionality." This is but a corollary of the general rule that in cases involving general public interests, while litigants have the undoubted right to stipulate as to the facts, it is not competent for them to stipulate what the law is so as to bind the court. Such stipulations as to law, if made, will be disregarded. See North Platte Lodge v. Board of Equalization, 125 Neb. 841, 252 N.W. 313, 92 A.L.R. 658, and annotation 92 A.L.R. 663, with particular emphasis on the propriety of enforcing such rule where the matter is one which concerns the public. The most that can be said of such board in the present circumstances is that it was operating as an arm of the board of county commissioners whose duty it was to canvass and certify the vote to the secretary of state. If such be so, it was not bound to accept the recount of the so-called recount board, or to accept its reasons for rejecting the 67 ballots from Mercury precinct.

(4) It is not the function of the court in this proceeding to speculate as to what other course of action may possibly be open to either of the parties.

The statement of contest is dismissed. The contestant's request for a declaratory judgment is denied. The

prayer of defendant's answer that the county clerk of Nye County be ordered to annul contestant's certificate of election and to issue a certificate of election to defendant is denied. Each party shall pay his own costs.

McNAMEE and THOMPSON, JJ., concur.