JOHN E. KELLY, Petitioner, *v.* EUDORA V. MURPHY, County Clerk of Nye County; ANDREW M. EASON, Chairman, Nye County Commissioners; NICK G. BANOVICH, Nye County Commissioner; and RALPH LISLE, Nye County Commissioner, Respondents.

No. 4587

January 2, 1963

377 P.2d 177

[Rehearing denied January 16, 1963]

*Harry E. Claiborne* and *John E. Kelly,* of Las Vegas, In Propria Persona, for Appellant.

*William P. Beko,* District Attorney, Nye County and *John C. Bartlett,* Deputy District Attorney, Nye County, for Respondents.

## OPINION

*Per Curiam:*

This mandamus proceeding involves the November 6, 1962 election for the office of Nye County District Attorney. Kelly, the petitioner, seeks to compel the Nye County Clerk to issue him a certificate of election (NRS 293.393(3)) ; annul the certificate of election heretofore issued Beko, petitioner's election opponent, and asks that the Nye County Commissioners be directed to declare Kelly the elected Nye County District Attorney. The Nye County Clerk and Commissioners have moved to dismiss the petition, primarily because of this court's opinion in Beko v. Kelly, 78 Nev. 489, 376 P.2d 429, regarding the same candidates and election. We believe that their motion to dismiss must be granted.

The returns of the election, showing Beko to be the winner, were canvassed by the County Commissioners,

the results declared, and an abstract of votes duly transmitted to the Secretary of State. Thereafter, and pursuant to Kelly's demand, a recount was had during which certain ballots were rejected, resulting in a majority for Kelly. Subsequently, the County Commissioners disapproved the rejection of such ballots by the recount board, and again declared Beko to be the duly elected Nye County District Attorney.[1] It is Kelly's position that the recount board was regularly and lawfully constituted; and that its determination that he won is final; that the County Clerk, therefore, must issue a certificate of election to him as "an act which the law especially enjoins as a duty resulting from office." NRS 34.160.

In Beko v. Kelly, supra, we said, inter alia: "The so-called recount board in the present case was appointed without statutory authorization of any kind whatsoever. The number of members constituting the board, its organization, its duties, its meetings, the manner of its appointment, are all unprovided for in the election law." Notwithstanding such language, Kelly urges that NRS 293.247 requiring the Secretary of State to promulgate rules and regulations for the conduct of primary and general elections in all counties has application here, and that the telephone directions from the Secretary of State as to the manner of conducting the recount was a "promulgation of rules and regulations" within the meaning of the statute.[2] We cannot agree. In May 1962, the Secretary of State issued a printed pamphlet entitled

---

[1] The recount proceeding is more particularly set forth in Beko v. Kelly, supra, and need not here be repeated.

[2] According to the petition herein, the Secretary of State, by telephone, advised the County Clerk that the recount board was to be composed of five members who need not be registered voters of Nye County; that the Clerk and Commissioners were to be present as non-members; that the candidates were to be present; that the County Clerk was to administer an oath of office; that the counting should be commenced within three days after demand, and completed within three days after it is begun; and that the recount board should be appointed by the County Clerk, and that the candidates should stipulate, if possible, to such members as the Clerk anticipated appointing.

"Rules and Regulations for the Conduct of Primary and General Elections in all Counties of the State of Nevada," for the express purpose of complying with the provisions of NRS 293.247 requiring that such be done. There is nothing in the rules and regulations thus promulgated governing recount. The oral communication from the Secretary of State was not the "promulgation" of a "rule and regulation" within the contemplation of NRS 293.247. The "promulgation" occurred in May 1962 when the Secretary of State issued the printed pamphlet which was thereafter conveniently available to all members of the public wishing to read its provisions. A "promulgation" usually connotes an official public declaration. Black's Law Dictionary, 4th ed. A private telephone conversation does not suffice.

We conclude that the so-called "recount" was a futile act, undertaken without lawful authorization. Accordingly, no duty devolved upon the Nye County Clerk by reason of said recount, and mandamus will not lie. The respondents' motion to dismiss Kelly's application for mandamus must be, and is, granted.