HEROLD, Internal Revenue Collector, v. BLAIR.

(Circuit Court of Appeals, Third Circuit. January 28, 1908.)

No. 48.

INTERNAL REVENUE—LEGACY TAXES—CONSTRUCTION OF STATUTE.

A testator, his son and others entered into a partnership in 1890, the partnership agreement providing inter alia that, in consideration of a sum paid the testator by his son and other considerations moving from the other parties, in case of the testator's death during the existence of the

partnership, it should not thereby be dissolved, but his interest therein should pass to and become vested in his son, and should remain in the business, his son taking his place. Testator died in 1899, during the partnership term, leaving a will, by which he made the son his residuary legatee. *Held*, that his interest in the partnership property passed to the son by contract based on a sufficient consideration, and not by the will, and became vested in the son on the making of the contract subject to defeasance only in case testator lived beyond the partnership term, and that the property was not taxable under the war revenue act of June 13, 1898, c. 448, § 29, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307], as property "transferred by deed, grant, bargain, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer," the purpose of which provision was to prevent the evasion of the tax imposed on legacies and distributive shares, which purpose could not be imputed to a contract made so long before its enactment.

In Error to the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 150 Fed. 199.

Harrison P. Lindabury, for plaintiff in error.

James Byrne, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The defendant in error was the plaintiff in an action brought to recover a sum of money paid by him as executor, as and for a tax levied (as claimed by the defendant) under section 29 of the act of June 13, 1898, c. 448, 30 Stat. 464, entitled "An act to provide ways and means to meet war expenditures, and for other purposes." U. S. Comp. St. 1901, p. 2307. That section is in part as follows:

"Sec. 29. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows—that is to say: Where the whole amount of said personal property shall exceed in value ten thousand and shall not exceed in value the sum of twenty-five thousand dollars the tax shall be: * * *"

The tax in question was assessed upon the interest of De Witt Clinton Blair in a certain copartnership which had been created by articles dated April 18, 1890, between John I. Blair, DeWitt Clinton Blair, James A. Blair, Oliver C. Ewart, and Clinton L. Blair; and the material clauses of those articles are:

"(8) It is hereby mutually agreed that in consideration of the mutual stipulations of these articles and for the further considerations of one hundred dollars ($100) paid by DeWitt C. Blair (the receipt whereof is hereby acknowledged by said John I. Blair), and the love and affection borne by the said John I. Blair to his son, the said DeWitt C. Blair, and for divers other good and valuable considerations received by the said John I. Blair from the other parties to this agreement, that upon the death of the said John I. Blair, should the same happen during the period herein or hereafter agreed for the con-

tinuance of said copartnership, all of the rights, title, share, equities and demands whatsoever, then theretofore owned and remaining, or then held, or claimed by the said John I. Blair in the said capital, or any increase or profits thereon, or of, in or to any of these assets or rights of said firm, shall, upon such death, become transferred to, vested in, and owned by the said De Witt C. Blair, absolutely, as his property.

"(9) In consideration of the premises, it is further agreed by all the parties hereto that, upon the happening of the contingency provided for in article 8 above, the said share, rights and property so accruing to the said DeWitt C. Blair from the said John I. Blair, at the latter's death, shall continue and be retained in the said copartnership business during the term or terms of its continuance herein or hereafter agreed upon between the said parties. And the said DeWitt C. Blair shall succeed to all of the benefits, rights and relations under such accruing right, title and share in the same manner as said John I. Blair would have been entitled to if living; said DeWitt C. Blair taking the place of his said father."

In pursuance of stipulation filed, the case was tried by the court without a jury, and the learned judge, in an opinion to which but little, if anything, need be added, reached the conclusion that the plaintiff below was not taxable as had been supposed, and accordingly entered the judgment in his favor, which this court is asked to reverse. Blair v. Herold (C. C.) 150 Fed. 199.

It is well settled that a taxing statute should be liberally interpreted on behalf of those alleged to be subject to the burden it imposes; and it is a familiar rule of general applicability "that a thing may be within the letter of the statute and yet not within the statute, because not within the intention of its makers." With these principles in mind, it may be conceded that the argument for the plaintiff in error, predicated upon the letter of the act and a literal reading of the partnership agreement, is not without force, although we are constrained to reject it because, in our opinion, it would be unreasonable to believe that Congress intended to include in the section under examination such a transaction as this case presents. Holy Trinity Church v. United States, 143 U. S. 459, 12 Sup. Ct. 511, 36 L. Ed. 226. The primary purpose was to tax "legacies and distributive shares." The heading thus describes what is taxed; and, whilst not conclusive, that description is proper to be considered. Knowlton v. Moore, 178 U. S. 41–65, 20 Sup. Ct. 747, 44 L. Ed. 969. It indicates—what we think would be apparent without it—that the maxim "noscitur a sociis" is applicable to the provision for transfers "by deed, grant, bargain, sale, or gift," and that the real object of that provision was the prevention of evasion of the tax imposed on legacies or distributive shares, by putting "a like burden on gifts which may have been made in contemplation of death, and otherwise than by last will and testament." Knowlton v. Moore, 178 U. S. 65, 66, 20 Sup. Ct. 757, 44 L. Ed. 969.

It cannot be supposed that this partnership agreement was designed to circumvent a statute enacted several years after it was made. It was entered into in good faith, and the rights of the plaintiff then accrued. As was said by the learned District Judge, "they were absolute and irrevocable so far as the parties were concerned, and were contingent only upon the happening of an event which did happen." They were acquired by contract, and not by gift made by last will and testament, or otherwise.

The judgment of the Circuit Court is affirmed.