(No. 14881.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
PETER SHUTTS, Exr. *et al.* Appellees.

*Opinion filed December 19, 1922.*

INHERITANCE TAX—*voluntary conveyance in escrow, to take ef-*
*fect at grantor's death, is subject to inheritance tax.* A deed deliv-
ered in escrow is not operative to convey title until the happening
of the event upon which the delivery to the grantees is conditioned,
and where it is the manifest intention of the grantor in a voluntary
conveyance that the deed shall take effect in possession and enjoy-
ment after his death, the transfer is subject to an inheritance tax
even though the intention is not evidenced in writing and the deed
is in form absolute.

APPEAL from the County Court of Will county; the
Hon. GEORGE J. COWING, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E.
BRITTON, VIRGIL L. BLANDING, and PENCE B. ORR, for
the People.

PETER SHUTTS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the People of the State of Illinois
from an order of the county court of Will county adjudging
a certain conveyance of real estate by Aaron Greenwood to
Frank and Louise Hibner not subject to an inheritance tax.

Aaron Greenwood's wife died on October 20, 1915. He
was eighty years old and had lived at his home in Man-
hattan for twenty-five or thirty years. He owned property,
real and personal, worth $150,000, including his home place,
worth $3500. After his wife's death he continued to live
in the old home, and in December, 1915, procured Louise
Hibner, who was his wife's niece, and her husband, Frank,
to come to his home and take charge of it and take care
of him. For such services he agreed to pay them $700 a

year and give them the use of thirty acres of land. After a year this payment was increased to $1000 a year. Mr. and Mrs. Hibner continued to live with Greenwood and take care of him until his death, on April 12, 1921. On September 11, 1916, Greenwood went to the First National Bank of Manhattan, of which he was president, and procured Edward L. Wilson, the cashier, to draw a deed conveying his house to the Hibners. The consideration stated in the deed was two dollars, and Wilson asked, "Are you giving this lot to them?" to which Greenwood replied, "No, I don't look at it that way; I feel the amount I am paying them per year is hardly enough for what they are doing for me; I am going to make that part of the payment for taking care of me." Greenwood signed and acknowledged the deed, and Wilson said, "What do you wish to do with this deed?" Greenwood said, "I am going to give it to them." Wilson said, "I wouldn't do that; I see often sons and daughters, after they have the property in their hands, are not as good caretakers of their parents as they were before, and for that reason I would not deliver it to them now." Greenwood then said, "Very well; you keep it until after I am gone or when you think it is fit to give it to them." Wilson kept the deed until April or May, 1918, when he ceased to be connected with the bank and then delivered it to Peter Shutts at Greenwood's direction. The Hibners knew nothing of the execution of the deed, and after the conveyance Greenwood continued to pay the taxes and insurance and to keep up repairs.

It is clear that Greenwood was under no obligation to make the deed. It was wholly voluntary and was a gift. It was manifestly intended to take effect in possession and enjoyment after the death of the grantor, and this brings it within the terms of clause 3 of section 1 of the Inheritance Tax law. Greenwood's first intention was to deliver the deed and make it effective at once, but under the advice of Wilson he changed his purpose and gave the deed into

Wilson's custody, to be delivered to the grantees at Greenwood's death. This was a delivery in escrow, under which the deed was not operative to convey the title until the happening of the event and until the grantees became absolutely entitled to the second delivery. (*Hudson* v. *Hudson*, 287 Ill. 286; *Grindle* v. *Grindle*, 240 id. 143; *Stone* v. *Duvall*, 77 id. 475.) If the actual intention of the donor was that the possession and enjoyment of the lands should be postponed until his death, the transfer is subject to an inheritance tax even though the intention is not evidenced in writing and the deed is in form absolute.

The order of the county court will be reversed and the cause remanded, with directions to enter an order assessing an inheritance tax against the property in accordance with the statute.

*Reversed and remanded, with directions.*