IN RE ESTATE OF ALMIRA WHEELER.
DOANE COLLEGE, APPELLEE, v. FILLMORE COUNTY, APPELLANT.

FILED JANUARY 30, 1930. No. 26816.

*Guy A. Hamilton,* for appellant.

*Perry, Van Pelt & Marti, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and RHOADES, SPEAR and TEWELL, District Judges.

SPEAR, District Judge.

Mrs. Almira Wheeler on February 2, 1926, made a pledge in the sum of $20,000 to Doane College. The pledge was in writing and is here set out:

"The Greater Doane Fund Estate Pledge.

"In consideration of my interest in Christian education, and the promises of like tenor and effect made by other subscribers to the funds of Doane College, I hereby pledge to Doane College at Crete, Nebraska, and will pay to its treasurer the sum of twenty thousand dollars ($20,000) upon the following terms and conditions:

"The interest on $5,000 to apply on a scholarship to aid worthy students; the balance of $15,000 to apply on endowment.

"1. This pledge shall be due and payable at the time of my decease and shall be paid out of the proceeds of my estate.

"2. It is understood and agreed that at any time convenient to myself, I may pay in full any unpaid balance of the principal sum of this subscription, after which I shall have no further obligation under this contract.

"Witness: Edwin B. Dean.   Almira Wheeler.
"Witness: Chas. C. Smith.
"Date 2-2-26.   Fairmont, Nebraska."

She died October 14, 1927, and the pledge was allowed as a claim against her estate. An inheritance tax was, by proper authority, assessed and paid under protest, and this is an action to recover the tax under the theory that it was unlawfully levied. The district court decided in favor of plaintiff, and the county appeals.

Doane College is a Nebraska corporation conducting an educational institution at Crete, Nebraska, having no capital stock, and is supported in the main by contributions. The statute under which the county seeks to assess the tax reads in part as follows:

"All property, real, personal and mixed, which shall pass by will or by the intestate laws of this state from any person who may die seized or possessed of the same while a resident of this state, or, if decedent was not a resident of this state at the time of his death, which property or any part thereof shall be within this state, or any interest therein or income therefrom, which shall be transferred by deed, grant, sale or gift made in contemplation of the death of

the grantor, or bargainer or intended to take effect, in possession or enjoyment after such death, to any person or persons or to any body politic or corporate in trust or otherwise, or by reason thereof any person or body corporate shall become beneficially entitled in possession or expectation to any property or income thereof, shall be and is subject to a tax, at the rate hereinafter specified." Laws 1923, ch. 187.

The county argues that this was a gift intended to take effect in possession or enjoyment after the death of the donor and therefore is subject to the inheritance tax. The college stoutly denies this, and says that the pledge constitutes a transfer for a valuable consideration, and is not taxable under the inheritance statute. Counsel for appellee further, by an ingenious process of elimination, arrives at the conclusion that this is neither a deed, grant, sale, or gift, and therefore not subject to the tax.

The contentions of each side must be measured by a single principle of law so all will be considered together. We must decide whether a contribution, such as this, passes when the pledge is signed and is therefore not subject to the tax, or whether the possession and enjoyment of the money takes effect after the death of the donor, and by that token it is subject to the tax. We have not been favored with any citations which are exactly in point, and no case has been decided by this court on the subject, so we must reason the case upon principle.

This court held in the case of *In re Estate of Griswold*, 113 Neb. 256, 38 A. L. R. 858, that a pledge similar to the one in question was supported by a consideration and collectible from the estate. Does this decision preclude the collection of the inheritance tax?

The books are full of cases from other states on this subject, and although helpful to us in deciding this case because of the principles therein stated, these cases are simply opinions of the various courts interpreting statutes. We are called upon to interpret the legislative meaning of our own statute. As we before remarked, no case involving the same circumstances has been called to our atten-

tion. · The cases cited support the contentions of the respective parties by analogy only.  *Blair v. Herold,* 150 Fed. 199, affirmed, 158 Fed. 804, is probably the classic example of the view taken by appellee.  The circuit court of appeals said:

"A testator, his son and others entered into a partnership in 1890, the partnership agreement providing *inter alia* that, in consideration of a sum paid the testator by his son and other considerations moving from the other parties, in case of the testator's death during the existence of the partnership, it should not thereby be dissolved, but his interest therein should pass to and become vested in his son, and should remain in the business, his son taking his place.  Testator died in 1899, during the partnership term, leaving a will, by which he made the son his residuary legatee.  Held, that his interest in the partnership property passed to the son by a contract based on a sufficient consideration, and not by the will, and became vested in the son on the making of the contract subject to defeasance only in case testator lived beyond the partnership term, and that the property was not taxable under the war revenue act of June 13, 1898, c. 448, sec. 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), as property 'transferred by deed, grant, bargain, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer,' the purpose of which provision was to prevent the evasion of the tax imposed on legacies and distributive shares, which purpose could not be imputed to a contract made so long before its enactment."

The district judge said that, as a valuable consideration was expressed in the contract, it was immaterial whether or not this consideration was adequate, and the property was not taxable.  He remarked, however, that in any event it could not be said that the consideration was inadequate. He further said:

"My conclusion upon this branch of the subject, therefore, is that the partnership agreement was an irrevocable, self-executing contract; but whether self-executing or not, upon its delivery DeWitt C. Blair had vested rights there-

under in the interest of John I. Blair in the partnership property, defeasible only upon the survivorship of John I. Blair beyond the partnership period, which rights could not be divested by him by will or otherwise."

It is interesting to note that the circuit court of appeals, while approving the opinion of the district court, felt called upon to add:

"The purpose of which provision (in the statute) was to prevent the evasion of the tax imposed on legacies and distributive shares, which purpose could not be imputed to a contract made so long before its enactment."

*In re Estate of Oppenheimer,* 75 Mont. 186, 44 A. L. R. 1470, perhaps best expresses the opposite view, and was a case where, under an antenuptial contract, the wife, after the husband's death, was to be paid certain sums out of his estate. The court, in holding this property taxable, apparently takes the view that consideration is immaterial, and cites the following from *State v. Pabst,* 139 Wis. 561, as the view of the Montana court upon the subject:

"The statute was not intended to restrict persons in their right to transfer property in all legitimate ways, but it clearly manifests a purpose to tax all transfers which are accomplished by will, the intestate laws, and those made prior to death which can be classed as similar in nature and effect, because they accomplish a transfer of property under circumstances which impress on it the characteristics of a devolution made at the time of the donor's death."

Montana thus apparently holds that, regardless of consideration, if the transfer is intended to take effect in possession or enjoyment at or after death, it is taxable.

The middle ground is best expressed in the case of *Matter of Orvis,* 223 N. Y. 1, 3 A. L. R. 1636 (1918), wherein the court say, reviewing the former decisions of that court:

"The legislature did not intend that a purchaser who had paid full value for the property transferred should directly or indirectly pay the tax besides. We have not decided, however, that subdivision 4 of the section which we have quoted is applicable only to voluntary transfers or gifts which are within its conditions. *Matter of Keeney,*

194 N. Y. 281, 286. Its language does not permit that con-
clusion. It makes taxable a transfer by bargain or sale,
when made in contemplation of the death of the grantor
or vendor, or intended to take effect in possession or en-
joyment at or after such death. The provision discloses
a distinction in the legislative mind between a transfer by
gift and a transfer by bargain or sale. It enacts, more-
over, that transfers by bargain or sale should be taxable,
or should not always and indiscriminately be nontaxable.
The meaning of that enactment must be ascertained from
the context and the object sought to be accomplished by
the statute. The statute was not intended to restrict or
burden the right of persons to transfer property in all le-
gitimate ways and for all the usual and manifold purposes
and objects of trade, commerce and purchase, or of volun-
tary transfers or gifts not made in contemplation of the
death of the transferor, or intended to take effect in pos-
session or enjoyment after such death. It was intended to
tax all transfers which are accomplished by will, the in-
testate laws of this state, and those made or incepted prior
to the death of the transferor in contemplation of or in-
tended to take effect in possession or enjoyment after his
death which are in their nature and character instruments
or sources of bounty or benefaction and which can be
classed as similar in nature and effect with transfers by
wills or the intestate laws, because they accomplish a trans-
fer of property, donative in effect, under circumstances
which impress on it the characteristics of a disposition
made at the time of the transferor's death. In all cases
in which the value of the consideration for the property
transferred, under the statutory conditions, is so dispro-
portionately less than the value of the property transferred
that the transfer is, in the light of reason or of ordinary
intelligence and judgment, beneficent and donative, the
transfer is taxable. The taxability does not depend upon
fraud, or an attempt to evade the statute; nor does it de-
pend upon the purpose or inducement of the transfer; nor
does it depend upon the form given the transfer. The law
searches out the reality, and is not halted or controlled by

the form. *Matter of Gould,* 156 N. Y. 423. The measure determining the liability or freedom from liability to the tax is the nature, the essence, the effect of the transfer. If, in truth, it, in effect, bestows, under the statutory conditions, a bounty or benefaction, and is not a transfer for money's worth, it is taxable.

"The application of the statute in the instant case leaves no ground for discussion. The mind does not hesitate in determining that the transfer was in essence and effect beneficent and donative, or in classing it as similar in nature and effect with transfers by wills."

In the above case the court held that, while the agreement rested upon a mutual and equal consideration and was enforceable, an inheritance tax could be assessed.

The above cited cases were decided upon statutes almost identical to ours as regards the point in issue. What did the Nebraska legislature intend? It seems to us that, without question, our legislature intended the middle ground adopted by the New York court. It must have intended that, while transfers effective upon death are not taxable when resting upon a valuable and adequate consideration, in all cases in which the value of the consideration for the property transferred, under the statutory conditions, is so disproportionately less than the value of the property transferred that the transfer is, in the light of reason or of ordinary judgment and intelligence, beneficent and donative, the transfer is taxable. We so declare the legislative intendment.

Having so found, let us proceed to the case at bar. The donor made the pledge payable at her death. She retained dominion over her property, and could have spent every cent of it before her death. She paid the taxes on it, and could have made 50 different pledges and all would have prorated in her estate, if her property was insufficient to pay all. She simply signed an agreement to pay $20,000 at her death. What did she receive as consideration? She received the satisfaction of having done a good deed. The college did not agree to keep its doors open or to do anything else. Without doubt everyone connected with the

transaction considered it a simple donation, payable at her death, and it would be illogical for us to hold otherwise. To say that the transaction rested upon such adequate and sufficient consideration as to preclude the assessment of an inheritance tax is to defeat the intention of the legislature. To say this, would open the doors to defraud the state. Any slight consideration would support a note payable at death and property used to pay the note could not be taxed. It has been said that the present case is analogous to this situation. If A owes B $1,000, and gives B a note, payable upon the death of A out of his estate, B should not be required to pay the tax. This is a false analogy, because A had a right to sue B, and, obtaining a judgment, levy upon B's property, then and there depleting B's estate. By taking the note he simply postponed the time of payment.

In the instant case Mrs. Wheeler owed the college nothing, and consequently the college had no right to deplete her estate. Not having that right, and being unable to enforce the pledge except out of her estate, and there being no adequate consideration, we think the college must pay the tax. In thus deciding we do no violence to the *Griswold* case, *supra*. In that case, in an opinion by Judge Redick, this court held that there was a consideration, and partially based its decision upon *Irwin v. Lombard University*, 56 Ohio St. 9, without reference to the case of *Ricketts v. Scothorn*, 57 Neb. 51, 42 L. R. A. 794, wherein Judge Sullivan, in discussing the *Lombard University* case, expressed the opinion that the true rule is that in such cases the defendant is precluded from denying the consideration under the doctrine of estoppel. Be that as it may, we in this case hold that, although the pledge was enforceable, the transfer of the money upon her death was donative, and therefore the college is subject to the tax.

For the above reasons, the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.