Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:04 AM CST

IN RE ESTATE OF DENZEL R. LOFGREEN, DECEASED.
JON C. LOFGREEN AND DENZEL H. LOFGREEN,
COPERSONAL REPRESENTATIVES OF THE ESTATE OF
DENZEL R. LOFGREEN, DECEASED, APPELLEES,
v. CONSTANCE LOFGREEN, APPELLANT.

IN RE ESTATE OF RUTH M. LOFGREEN, DECEASED.
JON C. LOFGREEN AND DENZEL H. LOFGREEN,
COPERSONAL REPRESENTATIVES OF THE ESTATE
OF RUTH M. LOFGREEN, DECEASED, APPELLEES,
v. CONSTANCE LOFGREEN, APPELLANT.

___ N.W.2d ___

Filed November 18, 2022.    Nos. S-21-1008, S-21-1009.

1. **Decedents' Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.
2. **Evidence: Stipulations: Appeal and Error.** In a case in which the facts are stipulated, an appellate court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment.
3. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
4. **Statutes.** The meaning of a statute is a question of law.
5. **Decedents' Estates: Taxation.** The broad language of Neb. Rev. Stat. § 77-2002(1) (Reissue 2018 & Cum. Supp. 2020) was designed to prevent evasion of Nebraska inheritance or succession taxes.
6. **Decedents' Estates: Taxation: Intent.** In determining whether to impose inheritance tax under Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) on a transferred interest in property, a court must consider all the surrounding circumstances of the transfer rather than simply the form of the transferring legal documents, in order to determine if a decedent intended, as a matter of fact rather than a technical vesting of

title or estates, to retain a substantial economic benefit or actual use of the property until death.

7. ____: ____: ____. A decedent's motives for failing to memorialize in the transferring document such retained interest in possession or enjoyment is relevant only inasmuch as it is probative of whether the decedent intended to retain actual possession or enjoyment of the subject property.

8. **Decedents' Estates: Taxation: Evidence.** Whether a transfer is subject to inheritance tax under Neb. Rev. Stat. §§ 77-2004 to 77-2006 (Reissue 2018) depends on extrinsic evidence and the surrounding circumstances rather than the language of the conveying document.

9. ____: ____: ____. Taxability does not depend upon the form given the transfer, but instead the law searches out the reality and is not halted or controlled by the form.

10. ____: ____: ____. Whether transfers of property are subject to inheritance tax because they were made in contemplation of death as described by Neb. Rev. Stat. § 77-2002(1)(a) (Reissue 2018 & Cum. Supp. 2020) is a question of fact determinable from the evidence and surrounding circumstances, regardless of the language of the deeds.

11. **Decedents' Estates.** In determining whether a transfer is one under which the decedent retained at death the possession or enjoyment of, or right to income from, the property as described by Neb. Rev. Stat. § 30-2314(a)(1)(i) (Reissue 2016), the donor's retained interest in possession or enjoyment need not be reserved by the instrument of transfer.

12. ____. The language of Neb. Rev. Stat. § 30-2314(a)(1)(i) (Reissue 2016) encompasses an interest retained pursuant to an understanding or arrangement, which need not be express, but may be implied from all the circumstances surrounding the transfer.

13. **Decedents' Estates: Words and Phrases.** The terms "enjoy" and "enjoyment" connote substantial present economic benefit rather than technical vesting of title or estates.

14. ____: ____. The terms "possession" and "enjoyment" mean the actual lifetime use of the property.

15. **Decedents' Estates.** A transferor retains the enjoyment of property if, at the time of the transfer, there is either an express or an implied agreement that the transferor will retain the present economic benefits of the property.

16. **Decedents' Estates: Taxation: Words and Phrases.** "Possession or enjoyment," as used in Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018), must be given its plain and ordinary meaning.

17. **Decedents' Estates: Taxation: Intent.** An appellate court cannot read into Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) a limitation that what was "intended" must be determined by the four corners of any transferring document.

18. **Decedents' Estates: Taxation: Intent: Appeal and Error.** An appellate court cannot read out of Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) the term "and," which connotes that the requisite intent exists independently from the legal form of the transferring document.

19. **Decedents' Estates: Taxation: Intent.** To be subject to inheritance tax under the rates described in Neb. Rev. Stat. §§ 77-2004 to 77-2006 (Reissue 2018), all Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) requires is that the decedent "intended" for the transfer to actually take effect in possession or enjoyment after death.

20. **Decedents' Estates: Taxation: Deeds.** If the form of the deed were controlling, inheritance tax under Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) could be evaded by transferring property by a deed that on its face conveys the property without reservation of a life estate, while retaining through an understanding or arrangement the actual possession or enjoyment of the property.

21. **Decedents' Estates: Taxation: Legislature: Intent.** The plain language of Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) conveys the Legislature's int ent to avoid evasion of Nebraska inheritance taxes by making taxability controlled by the reality of the decedent's intent to retain "possession" or "enjoyment" rather than by the technical vesting of title or estates.

22. **Decedents' Estates: Taxation: Intent.** The surrounding circumstances relevant to determining whether the decedent intended for the transfer to take effect in possession or enjoyment after death include, but are not limited to, whether the grantor or grantee (1) received rent or other income from the property, (2) paid taxes and expenses for the property, (3) held themselves out as owners of the property, (4) lived on or had exclusive possession of the property without paying rent, and (5) paid for improvement on the property.

23. **Decedents' Estates: Taxation: Real Estate.** One of the most valuable incidents of income-producing real estate is the rent which it yields, because he or she who receives the rent in fact enjoys the property.

24. **Decedents' Estates: Taxation: Deeds.** Continued exclusive possession by the donor and the withholding of possession from the donee are highly significant factors in determining whether the decedent retained possession or enjoyment despite the absolute language of a deed.

25. **Stipulations: Trial: Attorneys at Law: Parties: Public Policy.** Stipulations voluntarily entered into between the parties to a cause or their attorneys, for the government of their conduct and the control of their rights during the trial or progress of the cause, will be respected and enforced by the courts, where such stipulations are not contrary to good morals or sound public policy.

Appeal from the County Court for Furnas County: Anne M. Paine, Judge. Reversed and remanded with directions.

Susan J. Spahn, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., for appellant.

Jeffrey M. Cox, of Dier, Osborn & Cox, P.C., L.L.O., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

In two parallel probate cases, the county court denied a petition to assess state inheritance tax under Neb. Rev. Stat. § 77-2002(1)(b) (Reissue 2018 & Cum. Supp. 2020) on real property that Denzel R. Lofgreen and Ruth M. Lofgreen (decedents) had deeded to their daughter decades earlier while continuing to exercise control over, receive income from, and pay taxes on the property up until their deaths. On appeal, the daughter argues § 77-2002(1)(b), which states that "[a]ny interest in property . . . shall be subject to tax . . . if it shall be transferred by deed . . . and . . . intended to take effect in possession or enjoyment, after his or her death," applies whenever a transfer is intended in fact to take effect in possession and enjoyment after death, whether or not that intent is formalized in the transfer documents. We agree and reverse the judgment of the probate court.

## BACKGROUND

Jon C. Lofgreen and Denzel H. Lofgreen, corepresentatives of decedents' estates and decedents' sons (collectively corepresentatives) filed inventories of Nebraska assets and a petition for determination of inheritance tax in two probate cases before the county court. Decedents' wills had been submitted to probate in another state where decedents were domiciled at their death. The inventory did not include Nebraska farmland (hereinafter the property) decedents had conveyed to their daughter, Constance Lofgreen, by a series of deeds from 1992 to 1995.

Constance objected to the petition for determination of inheritance tax, because it failed to include the property as subject to inheritance tax under § 77-2002. Constance's objection filed with the court described that she had been "deeded" a 30-percent ownership interest in the subject property by each of three separate deeds, after which she was deeded the remaining 10-percent ownership interest through a fourth deed. Constance set forth in the objection that she did not know about the deeds until several years later and that decedents' intent when they executed the deeds was for Constance not to have possession of the property until after they were both deceased.

## Stipulated Facts

The corepresentatives and Constance filed a joint motion to submit the petition and objection to the court on stipulated facts. At a hearing, the county court received the stipulated facts into evidence. No other evidence was submitted.

The parties stipulated decedents "deeded" the property to Constance by a series of deeds from 1992 to 1995. They did not otherwise describe the verbiage of the deeds. They stipulated that although Constance "owned" the property by 1995, decedents "did not intend for Constance to have possession and enjoyment of the [p]roperty until after their deaths."

The parties further stipulated decedents continued to control and farm the property, and receive income from the property,

until their deaths in 2019. In 2012, decedents leased the property to their son Jon, who farmed the property for decedents under a crop-share agreement whereby Jon received two-thirds and decedents received one-third of the produce. Decedents paid their one-third share of expenses for the property, reported the property acres to the U.S. Department of Agriculture Farm Service Agency, maintained and received proceeds from crop insurance on the property, and reported farm income from the property on their income taxes. Additionally, decedents paid all real estate taxes for the property, although in some years, Constance paid the taxes and decedents reimbursed her.

The parties stipulated Constance received no income from the property and paid no expenses for the property (unless later reimbursed by decedents) until after decedents' deaths. In 2020, after decedents' deaths, Constance, for the first time, entered into a farming agreement with Jon, purchased crop insurance on the property, received a one-third share of the property income, paid one-third of property expenses, and assumed responsibility for taxes on the property.

## Decision

The county court entered an order in both cases concluding the property should not be included in Denzel's estate for purposes of inheritance tax, because it was not, as described by § 77-2002(1)(b), "transferred by deed, grant, sale, or gift . . . and . . . intended to take effect in possession or enjoyment, after his or her death." Although the deeds were not entered into evidence, the court refused to consider evidence outside of the four corners of the deeds of an intent to retain possession or enjoyment in fact. It reasoned that decedents did not expressly retain a life estate in the deeds and that the written deeds were dispositive of decedents' intent.

While Constance had pointed out that the plain meaning of § 77-2002(1)(b) focuses on intent rather than the legal effect of the deed, the court stated it could not "speculate on what the arrangement was between Constance and [decedents]." The

court reiterated this reasoning in a subsequent order denying Constance's motion to alter or amend. The court stated decedents' likely intent in executing the deeds before their deaths was to avoid federal estate tax by appearing to have given up "all incidence of ownership," and the court thought it "incongruent to now assign an intent to [decedents] which differs from [the deeds]."

Constance appealed in both cases. We consolidated the cases on appeal.

## ASSIGNMENTS OF ERROR

Constance assigns that the county court erred in finding (1) that the property was not subject to Nebraska inheritance tax on the grounds that Constance had received full and complete ownership of such property, (2) that decedents did not intend to retain lifetime possession and enjoyment of the real property subsequent to deeding the property to Constance, and (3) that decedents intended to give up all incidents of ownership when they executed the deeds giving the property to Constance.

## STANDARD OF REVIEW

[1] An appellate court reviews probate cases for error appearing on the record made in the county court.[1]

[2] In a case in which the facts are stipulated, an appellate court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment.[2]

[3] When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.[3]

[4] The meaning of a statute is a question of law.[4]

---

[1] *In re Estate of Fries*, 279 Neb. 887, 782 N.W.2d 596 (2010).

[2] *Hand Cut Steaks Acquisitions v. Lone Star Steakhouse*, 298 Neb. 705, 905 N.W.2d 644 (2018).

[3] *In re Estate of Fries, supra* note 1.

[4] *Id.*

ANALYSIS

[5-7] We have said the broad language of § 77-2002(1) was designed to prevent evasion of Nebraska inheritance or succession taxes.[5] Section 77-2002(1) provides, in relevant part:

> Any interest in property . . . shall be subject to tax . . . if it shall be transferred by deed, grant, sale, or gift . . . and: (a) Made in contemplation of the death of the grantor; (b) intended to take effect in possession or enjoyment, after his or her death; (c) by reason of death, any person shall become beneficially entitled in possession or expectation to any property or income thereof; or (d) held as joint owners or joint tenants by the decedent and any other person in their joint names . . . .

We hold that in determining whether to impose inheritance tax under § 77-2002(1)(b) on a transferred interest in property, a court must consider all the surrounding circumstances of the transfer rather than simply the form of the transferring legal documents, in order to determine if a decedent intended, as a matter of fact rather than a technical vesting of title or estates, to retain a substantial economic benefit or actual use of the property until death. A decedent's motives for failing to memorialize in the transferring document such retained interest is relevant only inasmuch as it is probative of whether the decedent actually intended to retain possession or enjoyment of the subject property.

[8-10] In our decisions discussing § 77-2002, we have held that whether a transfer is subject to inheritance tax under Neb. Rev. Stat. §§ 77-2004 to 77-2006 (Reissue 2018) depends on extrinsic evidence and the surrounding circumstances rather than the language of the conveying document.[6] We have recognized, "[T]axability does not depend upon . . . the form

---

[5] *In re Estate of Bronzynski*, 116 Neb. 196, 216 N.W. 558 (1927) (discussing similar language in Comp. Stat. § 6153 (1922)).

[6] See, *In re Estate of Wheeler*, 119 Neb. 344, 228 N.W. 861 (1930); *In re Estate of Bronzynski, supra* note 5.

given the transfer."[7] "The law searches out the reality, and is not halted or controlled by the form."[8] Thus, in *In re Estate of Bronzynski*, we held whether transfers of property were subject to inheritance tax because they were made in contemplation of death as described by § 77-2002(1)(a) was a question "of fact determinable from the evidence and surrounding circumstances,"[9] regardless of the language of the deeds.

[11,12] Under "possession or enjoyment" language similar to § 77-2002(1)(b), we have likewise looked to reality over the form of the transferring legal instrument when determining if the transferred property is part of a decedent's augmented estate for purposes of computing the decedent's spouse's elective share. In *In re Estate of Fries*,[10] we held that in determining whether the transfer was one "under which the decedent retained at death the possession or enjoyment of, or right to income from, the property," as described by Neb. Rev. Stat. § 30-2314(a)(1)(i) (Reissue 2016), the donor's retained interest in possession or enjoyment "'need not be reserved by the instrument of transfer.'"[11] Instead, the language of the statute "encompasses an interest retained pursuant to an understanding or arrangement, which need not be express, but may be implied from all the circumstances surrounding the transfer."[12]

[13-15] We explained it is well settled that the terms "enjoy" and "enjoyment" connote "substantial present economic benefit" rather than technical vesting of title or estates.[13] Likewise, the terms "possession" and "enjoyment" mean the actual

---

[7] *In re Estate of Wheeler, supra* note 6, 119 Neb. at 349, 228 N.W. at 863.

[8] *Id.* at 349-50, 228 N.W. at 863.

[9] *In re Estate of Bronzynski, supra* note 5, 116 Neb. at 199, 216 N.W. at 559.

[10] *In re Estate of Fries, supra* note 1.

[11] *Id.* at 894, 782 N.W.2d at 603.

[12] *Id.* at 895, 782 N.W.2d at 603.

[13] *Id.* at 894, 782 N.W.2d at 603.

"'lifetime use of the property.'"[14] Thus, under the plain language of the statute, "a transferor retains the enjoyment of property" if, at the time of the transfer, there is an agreement— either express or implied from the circumstances, including the actual lifetime use of the property—that "the transferor will retain the present economic benefits of the property."[15] This was consistent with the statute's purpose to prevent a decedent from transmitting property outside of probate in form, while retaining an interest in substance, as a means of defeating the right of the surviving spouse to a share.[16]

Accordingly, we held the lower court had erred by concluding as a matter of law that the subject properties should not be included in the augmented estate when there was conflicting evidence of whether the decedent had an informal arrangement to retain possession or enjoyment of the property.[17] There was evidence that, after the transfer, the decedent had continued to use the properties for recreational purposes, held himself out as owner of the properties, performed management functions for the properties, paid taxes on the properties, and received income from the properties.[18] On the other hand, there was evidence the transferees had merely gifted the income from the properties to the decedent.[19] While the decedent did not retain in the deeds any legal interest in the subject properties, we specifically rejected the transferees' argument that a decedent retains possession or enjoyment from property under the transfer only if the legal instrument secures the decedent's right to possession, enjoyment, or income.[20]

---

[14] *Id.* at 895, 782 N.W.2d at 603 (citing *United States v. Byrum*, 408 U.S. 125, 92 S. Ct. 2382, 33 L. Ed. 2d 238 (1972)).

[15] *In re Estate of Fries, supra* note 1, 279 Neb. at 895, 782 N.W.2d at 603.

[16] See *In re Estate of Fries, supra* note 1.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

States with similar "possession or enjoyment" clauses in their inheritance tax statutes have agreed with near "complete unanimity"[21] that the question of intent is not confined to the four corners of the deed.[22] In *People v. Shutts*,[23] for example, the Illinois Supreme Court held that a transfer was subject to inheritance tax, "even though the intention" to postpone possession and enjoyment was "not evidenced in writing" and the deed was "in form absolute."

Federal courts agree, and they thus employ an objective test that looks to the actual effect of the transfer as to "possession or enjoyment," rather than technical title, in determining a decedent's gross estate for the purposes of calculating a spouse's elective share under 26 U.S.C. § 2036 (2018).[24] In *Comm'r v. Estate of Church*,[25] for instance, the U.S. Supreme Court held that a transfer of property to a trust was "intended to take effect in possession or enjoyment" at death, despite the transferor retaining no power to alter, amend, or revoke the transfer. The "possession or enjoyment" clause, reasoned the Court, involves not "a mere technical question of title," but, rather, "what the transaction actually effected as to title, possession and enjoyment."[26] Thus, the retention of income for life was sufficient to subject the transfer to estate tax, because "'the liability for taxation depend[s], not upon the mere vesting in a technical sense of title to the gift, but upon the actual possession or enjoyment thereof.'"[27]

---

[21] *Comm'r v. Estate of Church*, 335 U.S. 632, 638, 69 S. Ct. 322, 93 L. Ed. 288 (1949).

[22] Annot., 49 A.L.R. 864 (1927), and Annot., 100 A.L.R. 1244 (1936) (collecting cases).

[23] *People v. Shutts*, 305 Ill. 539, 541, 137 N.E. 418, 419 (1922).

[24] See, *Comm'r v. Estate of Church, supra* note 21; *Guynn v. United States*, 437 F.2d 1148 (4th Cir. 1971); *McNichol's Estate v. C.I.R.*, 265 F.2d 667 (3d Cir. 1959).

[25] *Comm'r v. Estate of Church, supra* note 21, 335 U.S. at 651.

[26] *Id.*, 335 U.S. at 637, 638.

[27] *Id.*, 335 U.S. at 638.

[16-18] The use in § 77-2002(1)(b) of the phrase "possession or enjoyment" must be given its plain and ordinary meaning.[28] As discussed, these words connote actual retained interests rather than technical vesting of title. It is also notable in determining the meaning of § 77-2002(1)(b) that the Legislature stated any interest in property shall be subject to tax if transferred by a deed "and" if it is intended to take effect in possession or enjoyment after death. At the same time, subsection (1)(b) does not mention any transferring document, such as a deed; it only describes how the interest was "intended" to be transferred. We cannot read into § 77-2002(1)(b) a limitation that what was "intended" must be determined by the four corners of any transferring document.[29] Nor can we read out of the statute[30] the term "and," which connotes that the requisite intent exists independently from the legal form of the transferring document.

[19-21] In sum, to be subject to inheritance tax under the rates described in §§ 77-2004 to 77-2006, all § 77-2002(1)(b) requires is that the decedent "intended" for the transfer to actually take effect in possession or enjoyment after death. Enjoyment and possession are concepts of use in fact; the terms of the legal document effectuating the transfer are not decisive. This reading is consistent with the purpose of the statute. If the form of the deed were controlling, inheritance tax could be evaded by transferring property by a deed that on its face conveys the property without the reservation of a life estate, while retaining through an informal understanding or arrangement the actual possession or enjoyment of the property. As illustrated by the Illinois Supreme Court, in holding that indicia of possession or enjoyment control over the legal

---

[28] See *Pittman v. Western Engineering Co.*, 283 Neb. 913, 813 N.W.2d 487 (2012).

[29] See *Robinson v. Houston*, 298 Neb. 746, 905 N.W.2d 636 (2018).

[30] See *In re Adoption of Yasmin S.*, 308 Neb. 771, 956 N.W.2d 704 (2021).

form of the transferring document in determining whether a transfer was "intended to take effect in possession or enjoyment" after death: "If the failure to evidence such intention in writing would defeat the inheritance tax, such tax could be defeated in every case by the parent executing a deed to his children" while "relying upon their parol promises" to let the parent retain possession and enjoyment.[31] The plain language of § 77-2002(1)(b) conveys the Legislature's intent to avoid such evasion of Nebraska inheritance taxes by making taxability controlled by the reality of the decedent's intent to retain "possession" or "enjoyment" rather than by the technical vesting of title or estates.

[22-24] The surrounding circumstances relevant to determining whether the decedent intended for the transfer to take effect in possession or enjoyment after death include, but are not limited to, whether the grantor or grantee (1) received rent or other income from the property,[32] (2) paid taxes and expenses for the property,[33] (3) held themselves out as owners of the property,[34] (4) lived on or had exclusive possession of the property without paying rent,[35] and (5) paid for improvement on the property.[36] It has been said that "one of the most valuable incidents of income-producing real estate is the rent which it yields," because "[h]e who receives the rent in fact enjoys the property."[37] Also, "continued exclusive

---

[31] *The People v. Estate of Moir*, 207 Ill. 180, 190-91, 69 N.E. 905, 908 (1904).

[32] *In re Estate of Fries, supra* note 1. See, *Comm'r v. Estate of Church, supra* note 21; *McNichol's Estate v. C.I.R., supra* note 24; *In re Walker's Estate*, 100 Utah 307, 114 P.2d 1030 (1941).

[33] *In re Estate of Fries, supra* note 1.

[34] *Id.*

[35] *Guynn v. United States, supra* note 24.

[36] *Id.*

[37] *McNichol's Estate v. C.I.R., supra* note 24, 265 F.2d at 671.

possession by the donor" and the "withholding of possession from the donee" are "highly significant factors"[38] in determining whether the decedent retained possession or enjoyment despite the absolute language of a deed.

[25] Constance and the corepresentatives of the estate submitted on stipulated facts the question of whether the subject property should be included in the inventory of property subject to inheritance tax. Stipulations voluntarily entered into between the parties to a cause or their attorneys, for the government of their conduct and the control of their rights during the trial or progress of the cause, will be respected and enforced by the courts, where such stipulations are not contrary to good morals or sound public policy.[39] The county court accepted the parties' stipulations of fact into evidence and did not declare them contrary to sound morals or against public policy. Therefore, the stipulated facts submitted by the parties will govern this appeal. Generally, an appellate court reviews probate cases for error appearing on the record made in the county court,[40] but in a case in which the facts are stipulated, an appellate court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment.[41]

The parties stipulated that after the transfer to Constance, decedents continued to pay expenses and taxes on the property, leased out the property to their son Jon, received income which they reported, and maintained insurance on the property. Conversely, the parties stipulated Constance shared none of these attributes of ownership, except later paying expenses and taxes that the parents reimbursed. These facts are enough to conclusively show that despite the form given the deed, the

---

[38] *Guynn v. United States, supra* note 24, 437 F.2d at 1150.

[39] *Moore v. Moore*, 302 Neb. 588, 924 N.W.2d 314 (2019).

[40] *In re Estate of Fries, supra* note 1.

[41] *Hand Cut Steaks Acquisitions v. Lone Star Steakhouse, supra* note 2.

reality was decedents intended the conveyance to take effect in possession or enjoyment at death.

Whether, as the probate court surmised, decedents intended to evade federal estate taxes through formal deeds that failed to reflect their actual intent is not a circumstance probative of whether they intended for the transfers to, as a matter of fact, take effect in possession or enjoyment after their deaths. Indeed, such evidence of evasion, if it had been submitted, supports, rather than negates, the conclusion that decedents' intent was to retain actual possession and enjoyment until their deaths. The purpose of § 77-2002 is to impose Nebraska inheritance tax on transfers that in substance, rather than in form, should be part of the probate estate. However, we do not express any opinion on whether other state or federal tax consequences will also apply to the property Constance received from decedents.

## CONCLUSION

Under § 77-2002(1), the intent for a transfer of property to take effect in possession or enjoyment after the transferor's death is a matter of the reality of the interest retained and does not need to be reflected on the face of the transferring documents. The stipulated facts show decedents intended to retain possession and enjoyment of the property until death. The property is subject to Nebraska inheritance tax under § 77-2002(1)(b). We reverse, and remand with directions for the court to include the property in the inventory subject to inheritance tax.

Reversed and remanded with directions.

Cassel, J., concurring.

I unreservedly join the court's opinion, but write separately to assure an informed reader that this court is not blind to the reality at work here.

Constance filed an objection to the proposed determination of inheritance tax, despite that her objection would result in

an *increase* to the amount she would owe. At oral argument, counsel at least impliedly conceded that this effort was not a demonstration of altruism or public spirit. As that discussion made clear, this tactic was driven by the confluence of federal tax law changes after the deeds were executed and recorded.

Two changes coincide. First, the unified credit against federal estate and gift taxes has ensured that estates of this size would now pass free of federal estate tax. Second, the stepped-up basis for income tax purposes attributable to property passing at death provides an enormous incentive to capture property back into a decedent's estate—despite a deed conveying property away.

I express no opinion on whether other state or federal tax consequences will also apply to the property at issue here. Our province here extends only to the question presented regarding state inheritance tax. But we recognize the incentives at work.