Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/31/2025 09:10 AM CST

IN RE ESTATE OF JOHN WEEDER, DECEASED.
RICHARD MULLER, APPELLEE, V. MARGENE CORK,
PERSONAL REPRESENTATIVE OF THE ESTATE
OF JOHN WEEDER, DECEASED, APPELLANT.

___ N.W.3d ___

Filed January 31, 2025.   No. S-24-068.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.

3. **Estates: Judgments: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Pleadings: Records: Evidence: Proof: Presumptions: Appeal and Error.** Generally, it is the appellant's burden to present a record to support the errors assigned, and in the absence of a complete bill of exceptions, it is presumed that an issue of fact raised by the pleadings was sustained by the evidence and that it was correctly determined.

5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

6. ____: ____. Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

7. **Decedents' Estates: Courts: Jurisdiction.** Generally, the county court has exclusive original jurisdiction over all matters relating to decedents' estates.

8. **Actions: Claim Preclusion: Issue Preclusion.** Unlike the doctrines of claim preclusion and issue preclusion, which involve successive suits, the law-of-the-case doctrine involves successive stages of one continuing lawsuit.

9. **Actions: Appeal and Error.** When it applies, the law-of-the-case doctrine operates to preclude reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution.

10. ____: ____. The law-of-the-case doctrine promotes judicial efficiency and protects parties' settled expectations by preventing parties from relitigating settled issues within a single action.

Appeal from the County Court for Boyd County, KALE B. BURDICK, Judge. Affirmed.

Lyle Joseph Koenig, of Koenig Law Firm, for appellant.

Ryan D. Cwach, of Birmingham & Cwach Law Offices, P.L.L.C., for appellee.

FUNKE, C.J., MILLER-LERMAN, CASSEL, STACY, PAPIK, and FREUDENBERG, JJ.

CASSEL, J.

## INTRODUCTION

In this probate appeal, a personal representative challenges a county court's order allowing a claim against a decedent's estate. Because the personal representative's arguments conflate the claim in the probate estate with a separate judgment in a different action, we affirm.

## BACKGROUND

The instant appeal involves a claim filed by Richard Muller against the estate of John Weeder, deceased, under the Nebraska Probate Code.[1] The appellate record does not include the order opening the estate or appointing the personal representative. However, the parties seem to agree that the county court

---

[1] See Neb. Rev. Stat. §§ 30-401 to 30-406, 30-701 to 30-713, 30-2201 to 30-2902, 30-3901 to 30-3923, 30-4001 to 30-4045, 30-4101 to 30-4118, and 30-4201 to 30-4210 (Reissue 2016 & Cum. Supp. 2024).

appointed the personal representative in October 2017 and that the estate remained open at all relevant times.

In December 2017, Muller's counsel filed a "Statement of Claim" in the county court. Attached to it was a modified judgment entered in favor of Muller and against Weeder in July 2017, before Weeder died, in a separate action involving a fence dispute. We recited the history of that judgment in our opinion disposing of an appeal in the separate action.[2]

In September 2023, Muller filed a "Petition for Allowance of Claim" in the county court. Margene Cork, in her capacity as personal representative of Weeder's estate (the Estate), resisted the claim and moved to strike it from the court's docket.

Following a hearing, the court entered an order granting Muller's petition and allowing his claim against the Estate.

The Estate filed a timely appeal, which pursuant to statute ran directly to the Nebraska Court of Appeals.[3] Thereafter, we moved the appeal to our docket.[4] On appeal, the Estate requested a bill of exceptions to include only the exhibits numbered 1 through 3. The county court's order, which is included in the transcript on appeal, explicitly considered "Exhibits 1-5." Exhibits 4 and 5 are not in the bill of exceptions. In addition, the county court's order does not disclose whether other evidence was adduced.

## ASSIGNMENTS OF ERROR

The Estate assigns that the county court erred as a matter of law in determining that (1) "it had jurisdiction to address the merits of this case, contrary to the Supreme Court's determination that no court has had jurisdiction to address the merits of this fence action since Weeder's death in 2017," and (2) the "law-of-the-case was the last final order entered by the district court in favor of Muller prior to Weeder's death, and that revivor was not necessary."

---

[2] See *Muller v. Weeder*, 313 Neb. 639, 986 N.W.2d 38 (2023).

[3] See Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2024).

[4] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

## STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5] When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.[6]

[3] An appellate court reviews probate cases for error appearing on the record made in the county court. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[7]

## ANALYSIS

[4] This action involves Muller's claim[8] against the Estate in the county court. As noted above, the Estate did not request a complete bill of exceptions. Generally, it is the appellant's burden to present a record to support the errors assigned, and in the absence of a complete bill of exceptions, it is presumed that an issue of fact raised by the pleadings was sustained by the evidence and that it was correctly determined.[9] Further, the Estate frames the assignments of error solely as questions of law. This framing, coupled with the presumption, significantly narrows the issues before us. The assignments are premised on a prior appeal[10] in the fence dispute action, which is not before us. With this distinction in mind, we turn to the Estate's arguments.

---

[5] *Main St Properties v. City of Bellevue, ante* p. 116, 13 N.W.3d 911 (2024).

[6] *In re Estate of Lofgreen*, 312 Neb. 937, 981 N.W.2d 585 (2022).

[7] *In re Guardianship of Patrick W.*, 316 Neb. 381, 4 N.W.3d 833 (2024).

[8] See § 30-2209(4) ("[c]laim, in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort or otherwise").

[9] See *In re Estate of Baer*, 273 Neb. 969, 735 N.W.2d 394 (2007).

[10] See *Muller v. Weeder, supra* note 2.

## County Court Had Subject
## Matter Jurisdiction

[5,6] We begin with the question of whether the county court had subject matter jurisdiction over Muller's claim. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[11] Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[12]

The Estate contends that the county court lacked jurisdiction to allow Muller's claim, because the Court of Appeals was the only court with jurisdiction over the matter. We disagree.

[7] Generally, the county court has exclusive original jurisdiction over all matters relating to decedents' estates.[13] The general statutory grant of jurisdiction provides, in part, that "[e]ach county court shall have . . . [e]xclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof,"[14] with certain exceptions that are not at issue here. The Legislature has provided a specific grant of jurisdiction in the Nebraska Probate Code, which states:

> (a) To the full extent permitted by the Constitution of Nebraska, the court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons . . . .
>
> (b) The court has full power to make orders, judgments, and decrees and take all other action necessary and

---

[11] *Main St Properties v. City of Bellevue, supra* note 5.

[12] *Id.*

[13] *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). See Neb. Rev. Stat. § 24-517(1) (Cum. Supp. 2024). See, also, § 30-2211(a).

[14] § 24-517.

proper to administer justice in the matters which come before it.[15]

Here, the county court had explicit statutory authority to decide Muller's claim. The record shows that Muller filed a statement of claim in this decedent's probate estate and a petition for allowance of claim in that same probate case. The court then held a hearing on the petition and entered an order allowing the claim. The Estate does not argue that the claim failed to meet the applicable statutory requirements.[16] The presumption flowing from the absence of a complete bill of exceptions precludes a deeper factual inquiry—an inquiry neither requested nor permitted by the Estate's assignments of error.

On this record, we reach the independent conclusion that the court had subject matter jurisdiction over Muller's claim. It follows that we have jurisdiction of the appeal.

The Estate contends that the court's ruling was contrary to our decision in a prior appeal,[17] in a different action, concerning a fence dispute. In the fence case, a monetary judgment was entered in favor of Muller and against Weeder. Weeder died while an appeal[18] was pending before the Court of Appeals (unbeknownst to that court). In a subsequent appeal,[19] we determined that as a result of Weeder's death, the fence action remained suspended in the Court of Appeals pending revivor.[20] As noted above, the fence case is not before us.

---

[15] § 30-2211. See, also, § 30-2209(5) (defining "court" to generally refer to county court for purposes of Nebraska Probate Code).

[16] See § 30-2404 ("[a]fter the appointment [of a personal representative] and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this article").

[17] See *Muller v. Weeder, supra* note 2.

[18] See *Muller v. Weeder*, 26 Neb. App. 938, 924 N.W.2d 754 (2019), *vacated Muller v. Weeder, supra* note 2.

[19] See *Muller v. Weeder, supra* note 2.

[20] See Neb. Rev. Stat. §§ 25-1403 to 25-1420 (Reissue 2016 & Cum. Supp. 2024) and 25-322 (Reissue 2016).

We reject the Estate's jurisdictional argument for at least two reasons. First, it conflates the two actions. In the probate case now before us, the county court exercised authority only over the probate claim. The presumption flowing from the absence of a complete bill of exceptions precludes us from speculating that the prior fence dispute judgment was the only evidence supporting Muller's claim. Second, our resolution of the fence case did not affect the county court's jurisdiction of "all matters relating to decedents' estates,"[21] including the instant claim.

At oral argument, the Estate called our attention to a decision not cited in its brief. In *Rich v. Cooper*,[22] this court determined that a judgment creditor could not foreclose the lien of the judgment because the judgment became dormant during the pendency of the foreclosure action and before the decree of foreclosure was entered. In that case, the judgment debtor had died after an execution had been returned unsatisfied. At argument, the Estate relied upon that decision for the proposition that a valid execution cannot issue after the death of a party to the judgment without first reviving the judgment. We have no quarrel with that proposition.

But the procedural posture here differs fundamentally. In *Rich*, a claim for the full amount of the judgment was filed in the county court and failed only because the assets of the estate were insufficient to pay the claim. There, the judgment creditor then attempted to foreclose the statutory lien against the real estate. Here, Muller is not attempting to have an execution issued on the fence dispute judgment or to foreclose a judgment lien upon the decedent's real estate. Instead, Muller pursued his claim in the probate estate for the decedent's debt. The Nebraska Probate Code establishes a hierarchy for payment of claims where the assets of an estate are

---

[21] § 24-517(1). See, also, § 30-2211(a).

[22] *Rich v. Cooper*, 136 Neb. 463, 286 N.W. 383 (1939).

insufficient to pay all claims in full.[23] The procedure utilized here is entirely consistent with our decision in *Rich*.

In the probate case, the county court had jurisdiction of Muller's claim against the Estate. Thus, the Estate's first assignment lacks merit.

## Law-of-Case Doctrine Does Not Apply

[8] The Estate also assigns error based upon the law-of-the-case doctrine. Unlike the doctrines of claim preclusion and issue preclusion, which involve successive suits, the law-of-the-case doctrine involves successive stages of one continuing lawsuit.[24]

[9,10] When it applies, the law-of-the-case doctrine operates to preclude reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution.[25] The law-of-the-case doctrine promotes judicial efficiency and protects parties' settled expectations by preventing parties from relitigating settled issues within a single action.[26]

The Estate asserts that the law of the case in the fence dispute case was also the law of the case in this separate probate case. Again, the Estate conflates the two actions.

In order for the law-of-the-case doctrine to apply, the prior decision needed to be made in the instant action. It was not. We see no merit to this argument.

## CONCLUSION

We conclude that our resolution of a prior appeal[27] in a different action, involving the decedent and Muller, did not affect the county court's jurisdiction to decide Muller's claim against the decedent's estate. Moreover, our resolution of the

---

[23] See § 30-2487.

[24] See *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008).

[25] *State v. Betancourt-Garcia*, 317 Neb. 174, 9 N.W.3d 426 (2024).

[26] *Spratt v. Crete Carrier Corp.*, 311 Neb. 262, 971 N.W.2d 335 (2022).

[27] See *Muller v. Weeder, supra* note 2.

prior appeal was not the law of the case in this probate action. We affirm the county court's judgment.

In Muller's brief, he asserted that he should be entitled to attorney fees in this court. That matter must be raised, if at all, by a timely motion in full compliance with Neb. Ct. R. App. P. § 2-106(G) (rev. 2024).

Affirmed.