C. G. BOWEN, APPELLANT, V. HOLT COUNTY ET AL., APPELLEES.

FILED OCTOBER 2, 1917. No. 20013.

1. **Taxation:** MORTGAGED PROPERTY. The total taxable value of any mortgaged tract of land cannot exceed the sum of the interest of the mortgagor and mortgagee. Rev. St. 1913, sec. 6351.

2. ———: INJUNCTION. If more than such value shall be made the basis of assessment and taxation, the collection of the tax upon such excess may be enjoined upon the application of the party injured.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. Reversed.

W. J. Hammond, for appellant.

Hugh J. Boyle and J. A. Donohoe, contra.

HAMER, J.

The plaintiff, C. G. Bowen, began this action to declare void parts of certain tax liens on land in Holt county. The case was determined on general demurrers to the petition. These demurrers, were filed by Holt county, the county levying the taxes, and by the purchaser at tax sale, A. Baker. They were sustained.

The facts as they appear from the petition are that in August, 1911, a mortgage for $400 was given on the land, which was a first mortgage. Subsequently a second mortgage was given. This second mortgage was for $300, and it was afterwards acquired by the plaintiff. December 3,

1912, the then holder of the legal title to the land executed to one Mallory a mortgage on the land for $7,000. In 1912 the assessed value of the land was fixed at $380. In 1913, though no improvements had been placed on the land, the county clerk and county assessor caused the interest of the Mallory mortgage to be assessed against the land at $7,000, and caused taxes to be levied against the premises on the valuation for the purpose of taxation at one-fifth of the $300 mortgage, and one-fifth of the $7,000. These mortgages contained the provision that the mortgagor should pay taxes on the mortgages. The levy made on this valuation shows $87.60 taxes, whereas the levy on the value of land as fixed in 1912, and without reference to the $7,000 mortgage, shows only $16.56 as the tax to be collected. The defendant Baker purchased the land for delinquent taxes of 1912, and paid in 1914 the taxes assessed against the land in 1913, and he threatens to foreclose his lien and claim for the taxes paid.

The petition alleges that Mallory became the holder of the legal title, and in 1916 the plaintiff purchased the title from Mallory, paid off the first mortgage and released the second. It also alleges a tender of the amount legally due for taxes and costs of sale, a refusal by defendant to accept it, and payment of the amount into court, and an offer to pay any sum found by the court to be due. The prayer is that defendant Baker be required to accept the amount tendered in full of all claims against the real estate, and that Holt county be required to pay Baker any amount due him by reason of his payment of the taxes for 1913, and that Baker be enjoined from enforcing his claims. It is claimed on the part of the county that no cause of action is stated against it because the interest which it had in the taxes passed from its hands before the bringing of the action.

The real question in the controversy is between the plaintiff and Baker as to whether the value for the purpose of taxation in 1913 can be made on the basis of the mortgages against the land or must be determined by the

assessment of 1912 and without reference to the giving of the $7,000 mortgage. This question involves the consideration of sections 6349-6353, Rev. St. 1913, and especially of sections 6350, 6351. Section 6350 provides that a mortgage is an interest in real estate for the purpose of assessment and taxation. A part of section 6351 reads: "The county assessor in any county where the law provides that such officer shall compile the assessment book, and the county clerk in any county where the law provides that such officer shall compile the assessment books, shall each year prior to the first day of April examine the records of mortgages filed, and make a record in the assessment book against the land covered thereby, of any mortgages and the amount of such mortgage and the name of the mortgagee or assignee. The assessor shall at the time the property is assessed assess the mortgage interest and the value of the real property above the mortgage interest separately. The assessment as to the mortgage interest, and the value in excess thereof, shall be revised annually as the facts may require to affect an assessment of the real property in accordance with the provisions of this article; provided, the total assessed value of any real property, including the interests of the mortgagor and mortgagee, shall not be changed excepting when all the real property of the county is assessed, unless the value of the property is changed by reason of a change in the improvements thereon." These provisions must be read with the statutes providing for the assessment of real property generally, Rev. St. 1913, secs. 6420-6435, which provide for the assessment of real property quadrennially, beginning with the year 1904. We think the manifest purpose of sections 6350, 6351, above quoted, is to secure the assessment and taxation of the mortgagor's and mortgagee's interests separately. Each interest is an interest in the land. The sum of these interests is the value of the land itself. If the amount of the mortgage exceeds the value of the land, yet the value of the mortgage or any "interest in real estate" cannot exceed the value of the real estate in which it is an interest, and

ought not to be assessed at more than the value of the real estate. That this was the thought of the legislature is, made entirely plain by the provision in section 6351: "The total assessed value of any real property, including the interests of the mortgagor and mortgagee, shall not be changed excepting when all the real property of the county is assessed, unless the value of the property is changed by reason of a change in the improvements thereon." By this proviso uniformity in the assessment of real property mortgaged is secured. It is manifest that the total assessed value of any real estate cannot exceed the interest of mortgagor and mortgagee. There was no authority under the facts pleaded to change the assessment, and so much of the tax as resulted from the levy upon such increased valuation is void.

The judgment of the district court as to the defendant Baker is reversed and the cause remanded for further proceedings. The action is dismissed as to Holt county because it is without interest in the case.

REVERSED.

SEDGWICK, J., not sitting.