NORTH PLATTE LODGE, B. P. O. E., APPELLANT, V. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.

SUTHERLAND LODGE, I. O. O. F., APPELLANT, V. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.

WALLA WALLA LODGE, I. O. O. F., APPELLANT, V. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.

MASONIC TEMPLE CRAFT, TRUSTEE, APPELLANT, V. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.

FILED JANUARY 22, 1934. Nos. 28954, 28955, 28956, 28957.

*Hoagland, Carr & Hoagland,* for appellants.

*E. H. Evans, C. S. Beck* and *Urban Simon,* contra.

*Paul F. Good,* Attorney General, and *Edwin Vail,* amici curiæ.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

EBERLY, J.

The records disclose that at the regular meeting of the board of equalization of Lincoln county in June, 1931, applications were made on behalf of Walla Walla Lodge No. 56, I. O. O. F., Masonic Temple Craft, North Platte, North Platte Lodge No. 985, B. P. O. E., Sutherland Lodge No. 312, I. O. O. F., separately, to have certain property owned by them respectively in Lincoln county, Nebraska, determined to be exempt from taxation, or in the alternative to have the assessed valuation of the same as made by the proper taxing authorities in 1930 reduced. Thereafter on June 22, 1931, upon hearing, the petition of each of the corporations named was denied. Separate appeals to the district court for Lincoln county were thereupon prosecuted by each of the parties aggrieved by this order. In that court issues were framed and a trial was had on the merits, which resulted in separate final orders made and entered on June 6, 1933, which separately determined that each of the corporations named were religious, charitable, and educational institutions, and as such all property owned and used exclusively by such institutions for the purpose of conducting their business is exempt from taxation, but that the first and lower floor of the building owned by Walla Walla Lodge No. 56, I. O. O. F., located on lots 1 and 2 Independent Order of Odd Fellows subdivision of lots 1 and 2 of the original town of North Platte; the first two lower floors of a building situated on the north 88 feet of lots 3 and 4, block 133 of the original town of North Platte, owned by the Masonic Temple Craft; the first and lower floor and the north 44 feet of the second and third floors of a building owned by North Platte Lodge No. 985, B. P. O. E., situated on the south 110 feet of lot 5, and the west 14 feet of the south 110 feet of lot 6, in block 133 of the original town of North Platte; the first and lower floor of the building situated on lots 1 and 2, block 5, original town of Sutherland, Lincoln county, Nebraska, owned by Sutherland Lodge No. 312, I. O. O. F., being each rented

by the respective owners thereof, were not exempt, but subject to taxation as provided by law, and that all of. the rest of the property thus described was, and is, exempt from general taxation; and the trial court further directed that a certified copy of the orders thus entered. be served upon the county commissioners of Lincoln county, and also upon the county treasurer of Lincoln county, Nebraska. However, thereafter on June 30, 1933, on the district court's own motion, an order was entered wherein the total assessed valuation of the property owned by Sutherland Lodge No. 312, I. O. O. F., was reduced from the sum of $3,100, as returned for assessment in 1930, to the sum of $2,600.

In this connection section 77-1503, Comp. St. 1929, with reference to the taxation of mortgaged real estate, provides: "The total assessed value of any real property, including the interests of the mortgagor and mortgagee, shall not be changed except when all the real property of the county is assessed, unless its value is changed by reason of altered conditions."

*Quære:* Is the. relief granted by the trial court consistent with the limitation quoted?

From the final orders thus entered appellants severally appeal, and each insists in this court that the district court erred in adjudging that any portion of their respective properties was subject to taxation; that the valuations of each of these properties as made by the taxing authorities was excessive as compared to the assessments of like properties in North Platte to such a degree that appellants are entitled to have such excess determined and its valuations lowered to that extent, and particularly would this be true if any portions of the premises under consideration were ultimately determined to be exempt from taxation.

The bills of exceptions disclose that in behalf of each appellant there was tendered as proof certain stipulations made in open court, being in substance that the appellants were and are the owners of the properties described

in their several petitions, and claimed to be exempt from taxation, and that each is a charitable, educational, and religious institution within the meaning of the terms as defined and determined by the supreme court of Nebraska in the case entitled, "Ancient and Accepted Scottish Rite of Freemasonry v. Board of County Commissioners of Lancaster County, Nebraska." *Ancient and Accepted Scottish Rite v. Board of County Commissioners,* 122 Neb. 586. The last paragraph of this stipulation contains the following, viz.: "It is further stipulated that the above * * * lodge property owners, if owning their property under the same circumstances and conditions as the property owner of the Scottish Rite case at Lincoln owned its property, that said properties would be entirely exempt from taxation upon the same principle and theory as adopted in the Scottish Rite case."

In considering the force and effect of this stipulation entered into by the parties to this litigation, it must be kept in mind that the controlling question in each case here before us is the claimed right of exemption of the property involved from general taxation. The decision of these matters will necessarily affect the substantial interest of the general public. This situation emphasizes the necessity and importance of adherence in this class of cases to the following commonly accepted principles of procedure, viz.: "While litigants have the undoubted right to stipulate as to the facts, it is very generally held that it is not competent for them to stipulate as to what the law is so as to bind the court, and that such stipulations will be disregarded. Decisions of questions of law must rest upon the judgment of the court, uninfluenced by stipulations of the parties or counsel * * * as to the existence of a law, as to its validity or invalidity, * * * as to the legal conclusion from a given state of facts, as to the legal effect of a contract." 60 C. J. 50.

In other words, "the people of the state are entitled to know what is the law on public questions, rather than what we find it to be upon agreement of parties." *Ford v. Dilley,* 174 Ia. 243, 250.

In view of the language employed in section 77-202, Comp. St. 1929, the following provisions of the Constitution express the controlling principles which determine the present litigation:

"Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, and taxes uniform as to class may be levied by valuation upon all other property." Const. art. VIII, sec. 1.

But, "The legislature by general law may exempt * * * property *owned and used exclusively* for educational, religious, charitable * * * purposes, when such property is not *owned or used* for financial gain or profit to *either the owner or user.*" (Italics ours) Const. art. VIII, sec. 2.

We assume, but do not determine, that the stipulation already referred to, standing alone, would be competent to establish as a fact the exclusive ownership for purposes of taxation of the several properties respectively in the appellants herein. But this assumption is apparently overthrown by the uncontradicted evidence preserved in the bill of exceptions that all of the property in suit was at the time of its assessment, and still is, encumbered by unpaid real estate mortgages, as follows:

The real estate owned by Walla Walla Lodge No. 56 by a present existing real estate mortgage, the exact amount and terms of which are undisclosed; the real estate of Masonic Temple Craft by a present existing real estate mortgage securing the payment of $102,500; the real estate of the North Platte Lodge No. 985 by a present existing real estate mortgage of $17,000; and the real estate of Sutherland Lodge No. 312, by two real estate mortgages aggregating $6,000.

In addition the evidence indicates that a portion of one of the lodge properties was leased to the owner of a commercial business for a term of approximately five years or more.

For the purpose of assessment and taxation a mortgage on real estate is by statute declared to be an interest therein. In the absence of stipulation or condition in

such instrument to the contrary, this interest is assessable to the mortgagee. It is only the value of such encumbered real estate, in excess of any mortgage taxable to or taxed to the mortgagee, that may be taxed to the mortgagor or owner. Comp. St. 1929, sec. 77-1503. True, when any mortgage contains a condition that the mortgagor shall pay the tax levied upon the mortgage or the debt secured thereby, the mortgage shall not be entered for separate assessment, *but both interests shall be assessed and taxed to the mortgagor or owner of the real estate.* This court appears committed to the view that the existence of the condition as to payment of taxes on the real estate mortgage assessed, and the prescribed tax book entries required to be made by the taxing authorities, do not operate to merge the taxable interests of mortgagee and mortgagor, but has awarded relief in equity on the basis of their separate continuance. In fact it appears that these interests are regarded for taxation purposes as undivided shares in property. *Bowen v. Holt County,* 101 Neb. 642; *Matthews v. Guenther,* 120 Neb. 742.

In addition the existence of a lease for years on certain property in suit herein suggests an ownership of "an interest in land" properly the subject of an independent assessment as the property of the lessee. Comp. St. 1929, secs. 77-101, 77-102, 36-103, 36-107.

It would seem that the applicants for exemption have failed to establish to a reasonable certainty the nature and extent of their separate interests in the properties which they assert are wholly exempt from taxation. Neither have they attempted to establish the exempt character of this interest in lands vested in the mortgagees and the liens thereof.

In the *Scottish Rite* case (122 Neb. 586) the existence of tenancies in the premises in suit, and of real estate mortgages thereon, was not in any manner involved. The absolute ownership of the property for taxation purposes was established in the applicants for exemption. It follows that the questions heretofore suggested as important

in the instant proceedings were not presented, considered or decided by the court in the *Scottish Rite* case on which appellants apparently rely.

It would seem, in the absence of express law or controlling precedent, that our exemption statute would hardly justify according an exemption from taxation in excess of the actual interest of the claimant in the property in suit. Further, the usual tax clause in real estate mortgages, by the terms of the statute providing therefor, does not, it would appear, reinvest the mortgagor with the "interest in the land" conveyed to the mortgagee, or preserve its exempt character in the mortgagor, but amounts to no more than a devise by which the payment of taxes properly assessable on the mortgagee's interest, and while in fact actually so assessed, becomes the obligation of the mortgagor. However, this point, not being directly presented by the record, is not decided.

In view of section 1, art. VIII of the Constitution, quoted, exemptions from taxation will never be presumed. The burden of proof by competent evidence of the facts supporting such claim is imposed on those seeking to secure an exemption of property from general taxation. This includes not only the establishment of an exemption, including the fact that such property is not used for financial gain or profit to owner or holder, but also the precise extent of applicant's exemption therein. Until the amount, nature and terms of the several real estate mortgages, as well as the terms of the existing lease, are disclosed, evidence to establish the exact extent of applicants' taxable interests, if any, in the lands in suit is lacking. Assuming from the tax record entries introduced in evidence that both the interest of the mortgagor and the interest of the mortgagee were included therein, still it would seem that competent evidence as to the extent of each would be a prerequisite to awarding complete relief under any theory of law applicable to the facts. In view of the public interest involved, and the fact that it appears that omitted evidence is available which will prob-

ably materially affect the ultimate disposition of this case, this court is unanimously of the opinion that the causes should be remanded to the trial court in order, if necessary, that the issues may be reformed and the omitted evidence supplied.

Under the circumstances set forth in these records presented on appeal, we are satisfied that the district court erred in its award of relief in each of the above entitled cases. Each of said judgments is therefore reversed, and each cause remanded for further proceedings in harmony with this opinion, with directions to the district court to permit amendments to the pleadings by the several parties, and the introduction of further additional competent evidence in support thereof.

REVERSED.