WALLA WALLA LODGE NO. 56, INDEPENDENT ORDER OF ODD FELLOWS, APPELLANT, V. BOARD OF EQUALIZATION, LINCOLN COUNTY, APPELLEE.*

FILED JUNE 14, 1935. No. 29417.

*Hoagland, Carr & Hoagland,* for appellant.

*S. S. Diedrichs, E. H. Evans, Urban Simon* and *C. S. Beck, contra.*

*William H. Wright, Attorney General, Edwin Vail, John J. Ledwith, Edward C. Fisher, Edward F. Leary, Joseph O. Burger, Francis P. Matthews, William Ritchie, Oscar T. Doerr* and *C. J. Baird, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and RYAN, District Judge.

GOSS, C. J.

This is a companion case to *Masonic Temple Craft v. Board of Equalization,* p. 293, *post.* The cases were previously here when they were argued together and, with other cases, treated in one opinion. *North Platte Lodge, B. P. O. E., v. Board of Equalization,* 125 Neb. 841. They were retried together, were argued here together, but to some extent briefed separately. It seemed desirable to have separate opinions. Though the issues were similar, the facts differed as to the property, amounts, values, and the like.

This cause involved the assessment for 1931 of plaintiff's lot and building in North Platte. Plaintiff asked the board of equalization to strike its property from the lists as exempt. From an adverse ruling it appealed to the district court. Its property consists of a two-story building.

Plaintiff's building of two stories was assessed at $8,000

*Opinion modified. See p. 827, *post.*

and the lot at $5,675, or a total of $13,675. There was a mortgage for $2,000 on the property, which was not assessed and is not considered here, for the same reason the mortgage was not considered in the *Masonic Temple Craft* case. The lower floor of the building was rented for secular uses and was taxable. The upper floor was used for lodge purposes, educational, charitable and religious in character, and was therefore exempt. The court decreed the lower floor to be subject to taxation, the upper floor to be exempt, and valued the lower floor at $10,000, "this being the *pro rata* valuation of the building and grounds for taxing purposes."

The effect of the testimony of witnesses was to value the lower floor of the building at $3,600. They did not value the lot. Considering one-half of the assessed value of the lot or $2,837.50 as taxable, because the whole building rests upon it, and adding it to the assessed value of the lower floor, produces $6,437.50, which we think a fair valuation of the assessed proportion of the entire property. Our valuation seems a reasonable and logical conclusion from the evidence.

The assignments of error of both parties seem identical with those made in the *Masonic Temple Craft* case, *supra*. They are ruled by the decision in that case without repetition here.

The judgment of the district court is reversed, with instructions to modify the judgment so as to direct the entry of the assessable value of plaintiff's interest in its property at $6,437.50.

REVERSED.