REQUESTED BY: Gerald E. Chizek, Commissioner of Labor, Nebraska Department of Labor
Are services performed for church-related elementary and secondary schools excluded from the meaning of the term employment as defined in Section 48-604, 1977 Supp.?
No.
The Nebraska Legislature with the enactment of L.B. 509, Laws 1977, amended Section 48-604 by adding the words `prior to January 1, 1978' to sub-section (6)(g)(3). For purposes of enforcement of the Nebraska Unemployment Statutes, you have interpreted this amendment as providing unemployment insurance coverage for employees of parochial schools. You advise that the Nebraska Catholic Conference, as representative for parochial elementary and secondary schools which are under the jurisdiction of the Archbishop of Omaha and the Bishops of Grand Island and Lincoln, have formally challenged your interpretation and have argued that parochial school teachers within the State of Nebraska are still exempt from unemployment coverage pursuant to Section48-604(6)(g)(1) and (2) which provides for the following exemptions:
 ". . . (1) in the employ of (i) a church or convention or association of churches; or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches; (2) by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of the duties required by such order; . . ."
We first take note that the question at hand deals with the subject of exemption from taxation. Section 48-604(6), 1977 Supp., defines services which are not subject to unemployment insurance taxation. As a general proposition, exemptions from taxation will not be presumed. North PlatteLodge B.P.O.E. v. Board of Equalization, 125 Neb. 841,252 N.W.2d 313 (1934). The Nebraska Supreme Court has further provided that a tax exemption must be clearly granted.Lincoln's Women Club v. City of Lincoln, 178 Neb. 357,133 N.W.2d 455 (1965).
In a memorandum submitted to this office and to the Department of Labor, the Nebraska Catholic Conference has argued that the exemption found at Section 48-604(6)(g)(3) and which pertains to institutions of higher education, was not intended to and did not act as an exemption for parochial elementary and secondary school teachers. It is their position that sub-sections (1) and (2) of Section 48-604(6)(g) provides jointly or severally an exemption for parochial elementary and secondary school teachers. A review of the legislative history and the clear words of Section 48-604
would appear to support your position that parochial primary and secondary school teachers are covered by the Nebraska Unemployment Insurance Act. We take special note of the legislative history of L.B. 509, Laws 1977. Comments to the Business and Labor Committee on March 16, 1977, reflect that L.B. 509 was introduced to bring Nebraska Unemployment Insurance Statutes in compliance with new federal standards of the Federal Unemployment Tax Act, Public Law 94-566. Eldon Peterson, Associate Director of the Unemployment Insurance Section of the Nebraska Department of Labor, testified before the Business and Labor Committee and provided interpretive information on the proposed amendments. He said in part:
 "The fourth extension coverage is that of to (sic) employees of nonprofit elementary and secondary schools. Previously the employees of schools of higher education have been covered by benefits. This act now requires that the extension be made to elementary and secondary schools." Committee Hearing, March 16, 1977.
No other witnesses or any members of the Committee challenged Mr. Peterson's interpretation of the amendments.
It would appear that the clear legislative intent was to include both private and public school employees under unemployment insurance coverage after January 1, 1978. A careful reading of the amendment to Section 48-604(6)(g)(3) will not logically support the proposition that the legislature only intended to expand coverage to public schools especially in view of the fact that the term `institutions of higher education' is defined by the legislature in Section48-602(12), 1977 Supp., as including both `public institutions and other nonprofit institutions.'
Also supportive of your position is the expressed opinion of United States Secretary of Labor. In a letter dated April 18, 1978, to the United States Catholic Conference, Secretary Marshall advised that amendments to the Federal Unemployment Tax Act, Public Law 94-566 eliminated any exemption for parochial, primary and secondary school teachers. As stated previously, L.B. 509 was enacted to bring Nebraska Unemployment Insurance Laws into compliance with federal standards for operation of a state unemployment compensation program.
It is thus our opinion that it was the clear intent of the legislature in amending Section 48-604, 1977 Supp., via passage of L.B. 509, Laws 1977, to provide unemployment insurance coverage for private and public elementary and secondary school teachers. Arguments of the Nebraska Catholic Conference regarding applicability of Sections48-604(6)(g)(1)(2) are not totally without merit but as stated earlier, it is a clear rule of law within this jurisdiction that tax exemptions are not favored and will not be allowed unless clearly provided for by statute or constitutional provision.
Your opinion request does not touch upon any of the constitutional issues raised by Nebraska Catholic Conference in a memorandum submitted to this office and thus we have not discussed those issues. In view of the Seventh Circuit's holding in Catholic Bishops of Chicago v. N.L.R.B.,559 F.2d 1112 (1977), we have some concern with possible conflict with coverage of parochial elementary and secondary school teachers and application of the First Amendment of the United States Constitution. We anticipate that should you be challenged on the coverage of Nebraska parochial primary and secondary schools, that issue will have to be resolved in an appropriate forum.
We trust the above is in full response to your opinion request. If we can be of further assistance, please advise.