Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/03/2023 09:05 AM CST

State of Nebraska, appellee, v.
Samantha R. Blocher, appellant.
___ N.W.2d ___

Filed March 3, 2023.    No. S-22-311.

1. **Motions for New Trial: Appeal and Error.** The standard of review
   for a trial court's denial of a motion for new trial after an evidentiary
   hearing is whether the trial court abused its discretion in denying
   the motion.
2. **Stipulations: New Trial.** Parties have no right to stipulate to whether
   the facts satisfied the standard for a new trial under Neb. Rev. Stat.
   § 29-2101(5) (Reissue 2016), which determination is a question of law.
3. **Stipulations: Public Policy.** In general, parties in a legal action are free
   to make stipulations of fact that govern their rights during the trial or
   progress of the action. Such stipulations will be respected and enforced
   by the courts so long as the agreement is not contrary to good morals or
   sound public policy.
4. **Stipulations.** Parties have no right to stipulate as to questions of law,
   and such a stipulation, if made, will be disregarded.
5. **Stipulations: Judgments.** Decisions of law must rest upon the judg-
   ment of the court, uninfluenced by the stipulations of the parties or
   counsel as to the legal conclusion from a given state of facts.
6. **Constitutional Law.** Neb. Const. art. II, § 1, prohibits one branch of
   government from encroaching on the duties and prerogatives of the
   others except as the Nebraska Constitution itself otherwise directs
   or permits.
7. **Constitutional Law: Criminal Law: Standing.** A criminal defendant
   lacks standing to assert the State's executive powers on its behalf.
8. **Constitutional Law: Courts: Legislature.** It is unquestionably within
   the judicial branch's power set forth by Neb. Const. art. V, § 1, to inter-
   pret and apply the laws validly enacted by the Legislature.
9. **Due Process: Notice.** Procedural due process generally requires that
   parties whose rights will be affected by a proceeding be provided

adequate notice and an opportunity to be heard, which are appropriate to the nature of the proceeding and the character of the rights that might be affected.

10. **Due Process: Proof.** Procedural due process protections are only required if the party asserting the inadequacy of procedural due process first establishes that the government deprived him or her of interests which constitute "liberty" or "property" within the meaning of the Due Process Clause.

11. **Due Process: Stipulations: New Trial.** Due process is not implicated by a court's decision to disregard the conclusory stipulation of law that a new trial should be granted.

12. **Stipulations: Evidence: Proof: New Trial.** A court must determine whether the evidence presented, including valid stipulations of fact, satisfies the defendant's burden under Neb. Rev. Stat. § 29-2101(5) (Reissue 2016).

13. **Criminal Law: Motions for New Trial: Evidence: Proof.** A criminal defendant who seeks a new trial on the basis of newly discovered evidence is required to show that if the evidence had been admitted at the former trial, it would probably have produced a substantially different result.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.
## INTRODUCTION
A jury convicted the defendant of possession of a controlled substance. The defendant appealed, but voluntarily dismissed her appeal after being informed of the criminal indictment of an evidence technician who may have been responsible for drug-related evidence in her case. The State agreed to join the defendant's motion for a new trial and stipulated that there

were sufficient grounds to sustain it. The district court overruled the motion. On appeal, the defendant argues that by disregarding the parties' stipulation, the court abused its discretion, infringed on the powers of the executive branch, and violated her due process rights. We affirm.

## BACKGROUND

Samantha R. Blocher was charged and tried for possession of a controlled substance.[1] The State offered at trial a report from the Nebraska State Patrol Crime Laboratory confirming that the substance found in Blocher's possession was methamphetamine. A jury found Blocher guilty, and the district court sentenced her to probation.

Blocher appealed her conviction. While the appeal was pending, Blocher's counsel received a letter from the Lancaster County Attorney's office disclosing the criminal indictment of a former Nebraska State Patrol evidence technician, Anna Idigima. The letter stated it was "possible that during the time any drug-related evidence in this case was in the custody of [the Nebraska State Patrol], it may have been directly or indirectly maintained by or otherwise subject to the oversight of [Idigima]." Blocher's counsel later received another letter from the Lancaster County Attorney's office stating that "the actions of a former Nebraska State Patrol evidence technician who is in the chain of custody on the drug evidence supporting the Possession of a Controlled Substance conviction gives rise to a Motion for New Trial" under Neb. Rev. Stat. § 29-2101(5) (Reissue 2016). The letter also stated that if Blocher withdrew her direct appeal, the State would join in her motion for new trial and then move the court to dismiss the case with prejudice if the new trial was granted.

Blocher dismissed her appeal and filed a joint motion and stipulation for new trial. The motion stated that there existed newly discovered material evidence that could not have been discovered with reasonable diligence to produce at trial.

---

[1] See Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2020).

Blocher did not support the motion with any evidence, and the district court overruled the motion on the same day for not complying with the requirements of Neb. Rev. Stat. § 29-2102 (Reissue 2016).

Blocher then filed a second motion for new trial supported by the affidavit of Blocher's counsel. The affidavit explained that Blocher dismissed her direct appeal in reliance on the two letters her counsel received from the Lancaster County Attorney's office. The affidavit did not provide any additional information beyond what was disclosed in the letters regarding the nature of Idigima's crimes or her involvement in Blocher's case.

The district court held a hearing on the joint motion. The only evidence presented at the hearing was the affidavit and the two letters, offered and received without objection. Counsel for the State stipulated generally that there were grounds to grant the motion for new trial but did not explain what those grounds were or offer any specific stipulations of fact.

The district court overruled the joint motion for new trial. The district court rejected Blocher's argument that it was required to grant a new trial because of the parties' stipulation. It held that the parties' stipulation must be disregarded because whether there were sufficient grounds to grant a new trial under § 29-1201(5) was a question of law, and the parties could not stipulate to legal conclusions.

The court then evaluated the evidence presented and held that Blocher was not entitled to a new trial. It noted that the affidavit and letters only showed that Idigima was charged with unknown crimes and "'may'" have been responsible "'directly or indirectly'" for drug evidence in Blocher's case. It further reasoned that even if Idigima's criminal conduct required the exclusion of the crime laboratory results, the result at trial would probably not have been different because other evidence was enough to support a conviction.

Blocher appeals.

## ASSIGNMENTS OF ERROR

Blocher assigns that by disregarding the parties' stipulation that there were grounds to grant a new trial, the district court (1) abused its discretion, (2) infringed on the powers of the executive branch, and (3) violated Blocher's due process rights.

## STANDARD OF REVIEW

[1] The standard of review for a trial court's denial of a motion for new trial after an evidentiary hearing is whether the trial court abused its discretion in denying the motion.[2]

## ANALYSIS

Blocher argues that the district court abused its discretion by denying the joint motion for new trial under § 29-2101(5). She argues that the court was bound by the parties' stipulation that a new trial should be granted and that the district court infringed on the exclusive prosecutorial powers of the executive branch and violated Blocher's due process rights by disregarding it. We hold that the district court was not bound by the parties' stipulation as to a legal conclusion and that disregarding it did not violate separation of powers or Blocher's due process rights. We also hold that the district court did not abuse its discretion by determining that the facts presented failed to meet Blocher's burden to show a new trial should be granted.

### Court Not Bound by
### Stipulation of Law

[2-4] The parties had no right to stipulate to whether the facts satisfied the standard for a new trial under § 29-2101(5), which determination is a question of law.[3] In general, parties

---

[2] *State v. Bartel*, 308 Neb. 169, 953 N.W.2d 224 (2021).

[3] See, *SID No. 196 of Douglas Cty. v. City of Valley*, 290 Neb. 1, 858 N.W.2d 553 (2015); *Jackson v. Brotherhood's Relief & Comp. Fund*, 279 Neb. 593, 779 N.W.2d 589 (2010); *North Platte Lodge, B. P. O. E., v. Board of Equalization*, 125 Neb. 841, 252 N.W. 313 (1934).

in a legal action are free to make stipulations of fact that govern their rights during the trial or progress of the action.[4] Such stipulations will be respected and enforced by the courts so long as the agreement is not contrary to good morals or sound public policy.[5] However, the question of whether undisputed facts fulfill a particular legal standard presents a question of law.[6] It is well established that "parties have no right to stipulate as to questions of law; such a stipulation, if made, will be disregarded."[7] Whether to grant a motion for a new trial is discretionary, and it is fundamental that the parties cannot remove such discretion from the court through a stipulation.

[5] For instance, in *North Platte Lodge, B. P. O. E., v. Board of Equalization*,[8] we held that the parties in a legal action could not stipulate that a relevant legal standard was satisfied where such stipulation was contradicted by the undisputed facts. The issue at trial was whether various properties could be exempted from taxation under a state constitutional provision that allowed the Legislature to exempt properties "'owned and used exclusively for educational, religious, [or] charitable . . . purposes.'"[9] The parties stipulated that the plaintiffs owned the properties and were charitable organizations as defined by our earlier decisions.[10] The stipulation was contradicted, however, by the undisputed fact that some parcels were not exclusively owned and used by the plaintiff's organizations because they were subject to a mortgage or a term-of-years

---

[4] See *In re Estate of Lofgreen*, 312 Neb. 937, 981 N.W.2d 585 (2022).

[5] See *id.*

[6] See *City of Valley, supra* note 3.

[7] *Jackson, supra* note 3, 279 Neb. at 602, 779 N.W.2d at 595. See, *Vitalix, Inc. v. Box Butte Cty. Bd. of Equal.*, 280 Neb. 186, 786 N.W.2d 326 (2010); *North Platte Lodge, B. P. O. E., supra* note 3; *State v. Murphy*, 15 Neb. App. 398, 727 N.W.2d 730 (2007).

[8] *North Platte Lodge, B. P. O. E., supra* note 3.

[9] *Id.* at 845, 252 N.W. at 315 (emphasis omitted).

[10] *North Platte Lodge, B. P. O. E., supra* note 3.

lease.[11] We disregarded the parties' stipulation, explaining that "'[d]ecisions . . . of law must rest upon the judgement of the court, uninfluenced by [the] stipulations of the parties or counsel . . . as to the . . . legal conclusion from a given state of facts . . . .'"[12]

[6-8] We decline Blocher's invitation to hold that by making its own determination that the facts did not warrant a new trial, the district court infringed upon the prosecutorial prerogative of the executive branch. Neb. Const. art. II, § 1, prohibits one branch of government from encroaching on the duties and prerogatives of the others except as the Nebraska Constitution itself otherwise directs or permits.[13] A criminal defendant, such as Blocher, lacks standing to assert the State's executive powers on its behalf,[14] and the State does not argue in this appeal that the district court invaded its executive powers. Furthermore, it is unquestionably within the judicial branch's power set forth by Neb. Const. art. V, § 1, to interpret and apply the laws validly enacted by the Legislature.[15] Section 29-2101 allows the court to grant a new trial for any of the enumerated grounds, and Blocher does not challenge its validity.

[9,10] We also disagree with Blocher's contention that by disregarding the conclusory stipulation of law, the district court infringed upon Blocher's procedural due process rights. Procedural due process generally requires that parties whose rights will be affected by a proceeding be provided adequate notice and an opportunity to be heard, which are appropriate to the nature of the proceeding and the character of the rights that might be affected.[16] Such protections are only required

---

[11] See *id.*

[12] *North Platte Lodge, B. P. O. E., supra* note 3, 125 Neb. at 844, 252 N.W. at 314.

[13] See *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994).

[14] See *Hradecky v. State*, 264 Neb. 771, 652 N.W.2d 277 (2002).

[15] See *State v. McColery*, 301 Neb. 516, 919 N.W.2d 153 (2018).

[16] See, *Dycus v. Dycus*, 307 Neb. 426, 949 N.W.2d 357 (2020); *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019).

if the party asserting the inadequacy of procedural due process first establishes that the government deprived him or her of interests which constitute "liberty" or "property" within the meaning of the Due Process Clause.[17]

[11] Blocher points to no source of a general liberty or property interest in the enforcement of legal conclusions contained in stipulations with the State. Blocher was given adequate notice that the stipulation on a legal conclusion would not satisfy § 29-2101(5), and she received an opportunity to be heard on the issue. After summarily denying Blocher's initial motion for new trial due to her failure to comply with the statutory filing requirements, the district court allowed Blocher to refile her motion and held a hearing to allow her the opportunity to support her motion with evidence. Due process was not implicated by the court's decision to disregard the conclusory stipulation of law that a new trial should be granted for Blocher.

## No Abuse of Discretion in Finding Facts Did Not Support New Trial

[12] Finally, we turn to the question whether the district court abused its discretion in finding the evidence presented at the hearing on the defendant's motion for new trial did not warrant a new trial. A court must determine whether the evidence presented, including valid stipulations of fact, satisfies the defendant's burden under § 29-2101(5).[18] Under § 29-2101, a court may grant a new trial "on the application of the defendant," when "(5) newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial" "materially" affects his or her "substantial rights."

---

[17] *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020).

[18] See *State v. Lester*, 295 Neb. 878, 898 N.W.2d 299 (2017).

[13] We have interpreted this language of § 29-2101(5) to require a criminal defendant who seeks a new trial on the basis of newly discovered evidence to show that if the evidence had been admitted at the former trial, it would probably have produced a substantially different result.[19] We review a trial court's denial of a motion for new trial after an evidentiary hearing for an abuse of discretion.[20]

We have held that a trial court did not abuse its discretion by denying a new trial under § 29-2101(5) where the evidence was too ambiguous to support the defendant's proposed grounds for new trial.[21] In *State v. Lester*,[22] a jury convicted a defendant of first degree murder. Two days after the verdict, the defendant's friend made a post on social media, which read in part: "'If they identified me as the shooter then why tf ain't ma brother sittin here next to me?'"[23] The defendant moved for a new trial on the basis that the social media post was exculpatory for the defendant because it showed the friend's "'potential involvement'" in the shooting.[24] The trial court denied the motion because the social media post was "'ambiguous at best.'"[25] We held on appeal that the trial court did not abuse its discretion in denying the motion because the social media post gave no information about the defendant's guilt or innocence and, therefore, could not be exculpatory as the defendant argued.[26]

Similar to the ambiguous evidence in *Lester*, Blocher provided no facts to support her argument of materiality of

---

[19] *Id.*

[20] See *Bartel, supra* note 2.

[21] See *Lester, supra* note 18.

[22] *Id.*

[23] *Lester, supra* note 18, 295 Neb. at 900, 898 N.W.2d at 316.

[24] *Id.*

[25] *Id.*

[26] See *Lester, supra* note 18.

the "new evidence." Blocher's attorney's affidavit offered by Blocher in support of her motion for new trial simply stated that her counsel received information from the Lancaster County Attorney's office and relied upon it when moving to dismiss Blocher's direct appeal. The affidavit provided no facts about Idigima's involvement in Blocher's case beyond the generalized statements made in the Lancaster County Attorney's office's two letters that were presented to the court as attachments to Blocher's attorney's affidavit.

The letters contained only vague speculation as to Idigima's misconduct and involvement in Blocher's case. The first letter stated "it is possible" that drug-related evidence "may" have been "directly or indirectly maintained" or "otherwise subject to the oversight" of Idigima. The second letter stated generally that "the actions of a former Nebraska State Patrol evidence technician who is in the chain of custody on the drug evidence supporting the Possession of a Controlled Substance conviction gives rise to a Motion for New Trial." This statement could be read to imply that Idigima was in the "chain of custody," but in context is simply a generalized statement in the abstract about the effect of misconduct by an evidence technician in the chain of custody.

Neither the letters nor the affidavit gave any facts about Idigima's supposed misconduct or whether she actually handled drug-related evidence in Blocher's case. Without such facts, the district court could not have determined whether Idigima's actions would necessitate the exclusion of the laboratory report. Accordingly, the district court did not abuse its discretion in concluding that Blocher failed to meet her burden to show that there were grounds for a new trial.

Due to this fact, we need not discuss whether the evidence presented could have been discovered with reasonable diligence or address whether the hypothetical exclusion of the laboratory report would have resulted in a different outcome at trial.

## CONCLUSION

The district court did not abuse its discretion when it disregarded the parties' stipulated motion for new trial and, ultimately, denied the motion for new trial based upon Blocher's failure to meet her burden under § 29-2101(5).

AFFIRMED.