IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TUCKER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CARLOS A. TUCKER, APPELLANT.

Filed May 16, 2023.    No. A-22-809.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Carlos A. Tucker, pro se.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Carlos A. Tucker appeals the Lancaster County District Court's denial of his motion for a new trial based upon newly discovered evidence. He contends that (1) because the district court erred in taking an excessive amount of time to rule on his motion, default judgment should have been entered in his favor, and (2) the court should have granted his motion for a new trial because "[t]he evidence admitted showed unreliable Y-STR DNA evidence causing undue prejudice." For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

### 1. TRIAL AND DIRECT APPEAL

Tucker was convicted by a jury of one count of first degree sexual assault of a child and two counts of incest, related to an incident with his girlfriend's children. Evidence at trial showed that Tucker engaged in sex acts with M.T., age 11, and that M.T. and her two brothers, E.T., age

- 1 -

12, and R.T., age 10, engaged in sex acts upon Tucker's instructions. The district court sentenced Tucker to a cumulative sentence of 50 to 90 years' imprisonment. An extensive recitation of the trial evidence can be found at *State v. Tucker*, 301 Neb. 856, 920 N.W.2d 680 (2018).

Tucker filed a direct appeal in which he alleged that the district court erred in admitting unreliable Y-STR DNA evidence which was unduly prejudicial to him, that the evidence was insufficient to support the verdicts, and the sentences imposed were excessive. See *State v. Tucker, supra*. The Nebraska Supreme Court affirmed Tucker's convictions and sentences. See *id*.

## 2. POSTCONVICTION

In November 2019, Tucker filed a motion for postconviction relief alleging ineffective assistance of trial counsel in which he claimed, among other things, that his trial counsel was ineffective for failing to challenge inconsistent testimony from the DNA expert witness, Shannen Bishop. This motion was denied without an evidentiary hearing, with the district court specifically finding that

> The alleged inconsistency [in the DNA evidence] is that the DNA expert testified that the autosomal DNA testing of Specimen 2075-A generated a profile that matched [Tucker] at 11 loci. . . . The expert then testified that Y-STR DNA testing of that same specim[e]n generated a profile that matched [Tucker] at all loci obtained. . . . These statements are not inconsistent. The difference between autosomal DNA and Y-STR DNA was explained by the expert. The record and file affirmatively show that [Tucker] is entitled to no relief.

Tucker's motion for postconviction relief also claimed that his trial counsel, who also acted as appellate counsel on direct appeal, was ineffective "for referring to Nebraska rather than the United States when discussing DNA probability ratio statistics and for failing to mention that 'related and unrelated individuals share the same Y-chromosome.'" The district court found that this claimed error was also without merit. Specifically, the court stated that "[b]ecause of the arguments preserved and made by defense counsel, the Nebraska Supreme Court thoroughly considered [Tucker's] argument that the trial court erred in admitting Y-STR DNA." Tucker did not appeal from the district court's denial of his motion for postconviction relief without an evidentiary hearing.

## 3. CURRENT PROCEEDINGS

On June 15, 2020, Tucker filed a "Motion of Newly Discovered Evidence" and sought a new trial or dismissal of his convictions and sentences based upon newly acquired information regarding a "recent update" in the allele frequency database utilized by the University of Nebraska Human DNA laboratory from 2010 and 2015. The motion attached a letter from forensic DNA analyst Melissa Helligso to the Lancaster County Attorney which set forth that the "update is deemed as having 'minor impact'" and an email from forensic DNA analyst Bishop to deputy county attorney Christopher Turner which stated that the "database change does NOT affect any of the Y[-]STR results that were calculated for the case."

On August 5, 2020, Tucker sent a letter to the clerk of the Lancaster County District Court stating that he had not received an acknowledgement regarding his motion for a new trial based on newly discovered evidence and inquired as to whether a hearing had been set thereon. On October

5, Tucker filed a motion to set a hearing on his motion for a new trial based upon newly discovered evidence. Tucker's motion did not contain a notice of a hearing with the date and time provided.

The following year, in April 2021, Tucker filed a "Verified Motion to Vacate Judgment," again referring to the newly acquired evidence related to the Y-STR DNA database and requesting that the court vacate "the judgment that was set upon him" and order his release from imprisonment. In late July, Tucker filed a motion requesting a progression hearing to determine the status of his motion for a new trial.

On August 4, 2021, the district court entered an order stating:

> On June 15, 2020, [Tucker] filed a "Motion of Newly Discovered Evidence[."] A letter from [Tucker] to the Lancaster County District Court Clerk was filed on June 17, 2020. Attached to that letter were the items [Tucker] identified as newly discovered evidence. Another letter from [Tucker] to the Lancaster County District Court Clerk was filed on August 5, 2020. In this letter, [Tucker] inquires whether a hearing date has been set. On October 5, 2020, [Tucker] filed a "Motion to Set Hearing for Newly Discovered Evidence and Issue Transport Order[."] On April 2, 2021, [Tucker] filed a "Verified Motion to Vacate Judgment[."]

> This court was unaware of the foregoing filings. [Tucker's] most recent filing, a "Motion for Progression Hearing on [Tucker's] Motion of Newly Discovered Evidence" filed on July 29, 2021, was provided to this court.

> This court interprets [Tucker's] "Motion of Newly Discovered Evidence" as a motion for new trial. Upon the court's own motion, the Lancaster County Public Defender's office is appointed to represent [Tucker] for the purpose of said motion. A hearing in this matter will take place on October 1, 2021[,] at 2:00 p.m.

Shortly thereafter, on August 11, 2021, the public defender moved to withdraw, which motion was granted on August 24, at which time another attorney was appointed to represent Tucker.

In January 2022, the court held a hearing on Tucker's motion to set a hearing for newly discovered evidence. During the hearing, the court and counsel for Tucker and the State agreed on the record that Tucker's April 2021 motion to vacate was essentially the same as the previously filed "Motion of Newly Discovered Evidence." During the hearing, the court received into evidence Helligso's letter to the county attorney and Bishop's email. The court also agreed to Tucker's request that it take judicial notice of the bill of exceptions of Tucker's trial including trial exhibits and testimony relating to DNA testing and findings thereon.

On October 19, 2022, the district court denied Tucker's "Motion of Newly Discovered Evidence." The court specifically found that "the evidence relied upon by Tucker in support of his motion was not 'newly discovered since trial' as that term has been defined by the Nebraska Supreme Court. In order to be 'newly discovered' evidence, the evidence must have existed at the time of trial." The court also found that Tucker

> has failed to show that the evidence at issue is so substantial that a different verdict would probably have been reached. The evidence at issue consists of communications from the University of Nebraska Medical Center advising of an update in the allele frequency database used by the DNA laboratory. The update is a result of scientific technology that is always advancing. The update was deemed to have "minor impact" according to Dr.

John Butler of the National Institutes of Standards and Technology. The update did not invalidate any testing previously performed nor did it affect any previous interpretation of DNA data. . . . Bishop is a forensic science DNA analyst at the University of Nebraska Medical Center. She testified at [Tucker's] trial, and it is she who provided the information as to the update to the database used. She stated: "I want to make sure you are aware that this database change does NOT affect any of the Y[-]STR results that were calculated for the case." Bishop went on to explain that while the update could affect the autosomal statistic, even this [effect] would be minor.

Tucker has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

Tucker contends that the district court erred (1) in taking an excessive amount of time to rule on his motion and (2) that the court should have granted his motion for a new trial because "[t]he evidence admitted showed unreliable Y-STR DNA evidence causing undue prejudice."

We note that in his brief, Tucker argues that the district court erred in finding that he was not requesting DNA testing. However, Tucker did not assign this as error. For an appellate court to consider an alleged error, a party must specifically assign and argue it. *State v. Johnson*, 290 Neb. 862, 862 N.W.2d 757 (2015). Accordingly, we do not consider this argument.

## IV. STANDARD OF REVIEW

The standard of review for a trial court's denial of a motion for new trial after an evidentiary hearing is whether the trial court abused its discretion in denying the motion. *State v. Blocher*, 313 Neb. 699, 986 N.W.2d 275 (2023).

## V. ANALYSIS

### 1. AMOUNT OF TIME MOTION FOR NEW TRIAL PENDING

Tucker first contends that the district court erred in taking an excessive amount of time to rule on his motion for a new trial. He argues that the 28-month delay between his filing the motion for a new trial and the court's ruling thereon violated several rules on progression standards. Tucker claims that these violations should have resulted in a default judgment in his favor. However, we note that Tucker's June 2020 "Motion of Newly Discovered Evidence" which sought a new trial or dismissal of his convictions and sentences and his October motion to set a hearing on his motion for new trial based upon newly discovered evidence both lacked a notice of a hearing with the date and time provided. The Rules for the District Court for the Third Judicial District, which encompasses Lancaster County, requires that "[w]hen any motion requiring a hearing is filed, it shall be filed with a notice of hearing with a date, time, manner of hearing, and certificate of service with the Clerk of the District Court (Clerk) not less than 5 days prior to hearing, except by permission of the court." Rules of Dist. Ct. of Third Jud. Dist. 3-2(A) (rev. 2019).

Regardless of the reason for the delay, the Nebraska Supreme Court analyzed an analogous argument in *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021), wherein the defendant argued the court erred in overruling his motion for a default judgment in connection with his motion for postconviction relief. In finding the argument lacked merit, the Supreme Court stated, "we have

explained that the Nebraska Postconviction Act does not authorize the district court to grant postconviction relief without first conducting an evidentiary hearing and making findings of fact and conclusions of law. The court was not empowered to award a default judgment to [the defendant], and therefore, his assignment lacks merit." *State v. Britt*, 310 Neb. at 80, 963 N.W.2d at 541-42.

As relevant to the instant case, the statutes governing motions for a new trial are found at Neb. Rev. Stat § 29-2101 through 29-2106 (Reissue 2016). Most notably, § 28-2102(3) provides:

In considering a motion for new trial based on the grounds set forth in subdivision (5) of section 29-2101, if the court finds that there is evidence materially affecting the substantial rights of the defendant which he or she could not with reasonable diligence have discovered and produced at trial, the court may, upon the motion of any party and following a hearing, vacate and set aside the judgment and release the person from custody or grant a new trial as appropriate.

Similarly, because the motion for new trial procedure does not authorize the district court to grant a new trial or release the defendant without first conducting an evidentiary hearing, the court was not empowered to award a default judgment. See *State v. McAleese*, 311 Neb. 243, 971 N.W.2d 328 (2022) (general rule is that where criminal procedure is not authorized by statute, it is unavailable to defendant in criminal proceeding). Tucker's claim that the district court erred in failing to award him a default judgment in connection with his motion for new trial fails.

2. DENIAL OF MOTION FOR NEW TRIAL

Next, Tucker assigned as error that the district court erred in denying his motion for a new trial because "[t]he evidence showed unreliable Y-STR DNA evidence causing undue prejudice." He contends that the court erred in finding that the evidence in question was not newly discovered evidence and that the errors regarding the DNA testing were minor and did not require a new trial.

In criminal cases, motions for new trial are governed by Neb. Rev. Stat. §§ 29-2101, 29-2102, and 29-2103 (Reissue 2016). As relevant to the instant case, under § 29-2101(5), a court may grant a new trial "on the application of the defendant," when "newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial" "materially" affects the defendant's "substantial rights." See *State v. Blocher*, 313 Neb. 699, 986 N.W.2d 275 (2023). The Nebraska Supreme Court "has interpreted this language of § 29-2101(5) to require a criminal defendant who seeks a new trial on the basis of newly discovered evidence to show that if the evidence had been admitted at the former trial, it would probably have produced a substantially different result." *State v. Blocher*, 313 Neb. at 707, 986 N.W.2d at 282.

A motion for new trial alleging newly discovered evidence must be filed "within a reasonable time after the discovery of the new evidence" and "cannot be filed more than five years after the date of the verdict, unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred." § 29-2103(4). Here, it is clear that Tucker's motion was filed within the statutory timeframe.

The State's brief asserts that Tucker's "Motion of Newly Discovered Evidence" fails for three reasons: (a) the motion did not contain the necessary documentation; (b) the evidence was not so substantial that a different verdict would probably have been reached; and (c) the information relied upon by Tucker was not "newly discovered" evidence.

### (a) Lack of Required Supporting Documentation

Section 29-2103 sets out how and when motions for new trial must be presented. It requires all such motions to be "made by written application" and to "state the grounds under section 29-2101 which are the basis for the motion." Additionally, § 29-2103(2) requires the motion to "be supported by evidence as provided in section 29-2102." Section 29-2102 sets out what evidence must accompany a motion for a new trial. The type of necessary evidence varies depending on which ground for a new trial is being sought. As relevant here, a motion for new trial based on newly discovered evidence under § 29-2101(5) "shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony."

In *State v. Hill*, 308 Neb. 511, 955 N.W.2d 303 (2021), the defendant filed a motion for new trial which was supported by 60 pages of attachments but none of the attachments were in the form of affidavits, depositions, or oral testimony in violation of § 29-2102(1). The Court determined that, because "[the defendant] failed to provide the supporting documents required by § 29-2102(1)," his motion had been properly dismissed by the district court pursuant to § 29-2102(2). *State v. Hill*, 308 Neb. at 515, 955 N.W.2d 303 at 306. See also *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017) (handwritten letter was not type of supporting evidence permitted by § 29-2102(1) which required that grounds of newly discovered evidence shall be supported by evidence of truth of ground in form of affidavits, depositions, or oral testimony).

Similarly, here, Tucker's "Motion of Newly Discovered Evidence" was supported by a letter written by Helligso and an email written by Bishop. None of the evidence attached to Tucker's motion or the evidence presented at the hearing contained any affidavits, depositions, or oral testimony as required by § 29-2102(1). Accordingly, Tucker's motion could have been dismissed by the district court on this basis.

### (b) Substantially Different Result

In addition to showing that the new evidence could not with reasonable diligence have been discovered and produced at trial, a defendant must also show "that if the evidence had been admitted at the former trial, it would probably have produced a substantially different result." *State v. Blocher*, 313 Neb. 699, 707, 986 N.W.2d 275, 282 (2023).

Here, the documents relied upon by Tucker state that the update was "deemed as having 'minor impact'" and that the "database change does NOT affect any of the Y[-]STR results that were calculated for [Tucker's] case." We further note that the evidence adduced at trial overwhelmingly supported the jury's finding of Tucker's guilt. See *State v. Tucker*, 301 Neb. 856, 920 N.W.2d 680 (2018). Thus, the evidence relied upon by Tucker, if admitted at his trial, would not have produced a substantially different result.

(c) Newly Discovered Evidence

The Nebraska Supreme Court has stated that

> whereas an object is new at the moment that it begins to exist, it is newly discovered once it is revealed or found out to have previously been in existence. Evidence is newly discovered if it existed at the time of trial but has since been uncovered. Because the evidence must have existed at trial for it to be uncovered after the trial, evidence newly created after trial does not satisfy § 29-2101(5).

*State v. Brown*, 310 Neb. 318, 326, 965 N.W.2d 388, 394 (2021). See also *State v. Bartel*, 308 Neb. 169, 953 N.W.2d 224 (2021) (evidence newly created after trial does not satisfy § 29-2101(5)).

Here, having determined that Tucker's motion was not supported by affidavits, depositions, or oral testimony and that the evidence, even if admitted at trial, would not have produced a substantially different result, we need not determine whether Tucker's evidence constituted "newly discovered evidence."

## VI. CONCLUSION

In sum, because we find that the district court did not abuse its discretion in denying Tucker's motion for new trial, we affirm the judgment of the district court.

AFFIRMED.

- 7 -